BRUCE *v.* THE STATE.

A conviction for assault and battery, upon regular proceedings before a justice of the peace, bars a prosecution for the same offense in the Common Pleas.

APPEAL from the *Decatur* Court of Common Pleas.

DAVISON, J.—Prosecution for an assault and battery. The case was submitted to the Court for trial, upon an agreement of facts set out in the record.   *Bruce,* the defendant, was convicted.

The facts agreed are these:   "The defendant, on the 6th of *August,* 1854, at the county of *Decatur,* committed an assault and battery on the body of one *Demetrius Owens.*   The information in the present case, in which he is charged with that offense, was filed on the 9th of *August,* and on that day a warrant for his arrest was issued to the sheriff of *Ripley* county, where he then resided

May Term,
1857.

BRUCE
v.
THE STATE.

and still resides. On the 18th of *August*, an affidavit, charging the defendant with the same assault and battery, was filed before *James B. Belmont*, a justice of the peace of *Decatur* county, upon which the justice issued a warrant, which, on the last-named day, was returned with the defendant in custody, &c. Not guilty being pleaded, the justice proceeded in the trial of the cause, and having examined witnesses, &c., found the defendant guilty as charged, fined him one dollar, and rendered a judgment in favor of the state for the fine and costs, &c. Six days after this conviction, viz., on the 24th of *August*, the defendant, by virtue of the warrant issued to the sheriff of *Ripley* county, was arrested for trial in the Common Pleas."

The only question to settle in the case is, whether the conviction before the justice should be considered a bar to this prosecution. Justices of the peace have concurrent jurisdiction with the Common Pleas, to try and determine cases of assault and battery. 2 R. S. p. 497, s. 3. But here, the defendant in the first instance was arrested by process from a justice, who had tried and determined the cause before service of the warrant from the Common Pleas. Hence, it is insisted that, in view of the agreed case, he could not be subjected to another conviction. This conclusion seems to be correct. The proceedings before the justice were instituted in the mode prescribed by the statute. They appear to have been conducted regularly; and there is nothing in the record tending to show that their purpose was not legitimate. It is evident that the state, having prosecuted her suit against the defendant to final judgment before a competent Court, had no right to maintain a second prosecution for the same offense. The judgment of the Common Pleas must be reversed.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. Gavin* and *J. R. Coverdill*, for the appellant.