Nov. Term, 1859.

TRITTIPO
v.
THE STATE.

---

TRITTIPO *v.* THE STATE.

Prosecution in the Common Pleas for a riot. The evidence showing that the defendant had been convicted for the identical riot, before a justise of the peace, it was *held,* that the prosecution in the Common Pleas would not lie.

*Wednesday,*
*December 7.*

APPEAL from the *Hancock* Court of Common Pleas.

WORDEN, J.—Prosecution by the state against the appellant, for a riot. Trial, conviction, and judgment, a motion for a new trial having been overruled.

The case is before us on the evidence. The riot proven against the defendant, was committed by him and others at the house of one *Thomas Alvey*, on the 1st of *January*, 1857, where, through the day, there was a chopping and sewing frolic, and a dance in the evening. In the evening the defendant and others, being uninvited, came and perpetrated the riot.

Nov. Term, 1859.

TRITTIPO v. THE STATE.

On the trial, it appeared by the oral evidence, and the docket of one *Joseph Wright*, a justice of the peace of *Hancock* county, that on the 9th of *January*, 1857 (and before this prosecution was instituted), an affidavit was made by one *Daniel Myers*, before said justice, charging the defendant and others with the commission of a riot on said 1st of *January*, 1857, whereupon said justice issued his warrant for the arrest of the defendant and others, who were duly arrested and brought before the justice, and the defendant pleaded guilty to the charge, and was fined by the justice in the sum of five dollars.

It appears by the testimony of the justice, that the riot for which the defendant was fined before him, was the identical riot for which the defendant was on trial. It appears that on the trial before the justice, neither the *Alveys* nor any of the invited guests at *Alveys* were present, but others who were at *Alveys* uninvited, were present at the trial.

It is insisted that the prosecution before the justice was a bar to this prosecution. No objection to the validity of the prosecution before the justice has been pointed out, and we do not perceive any. It was an offense over which the justice had jurisdiction, and the proceeding seems to have been regularly instituted, by the filing of an affidavit, the issuing of a warrant, and the arrest of the defendant. We presume the prosecution before the justice was disregarded below, because neither the *Alveys*, nor the invited guests at their house, upon whom the riot was committed, were present at the trial. It was not necessary, under our present statute, that they should have been present, or that they should have been subpœnaed, in order to give the justice jurisdiction, and authorize him legally to hear and deter-

mine the cause. The provisions on this subject, in the statutes of 1838 (R. S. 1838, p. 362, § 10), and in the statutes of 1843 (R. S. 1843, p. 1005, § 16), are not contained in our present code, regulating the jurisdiction and duties of justices in criminal cases.

We are of opinion that the prosecution before the justice, if it was for the same offense, was a bar to this prosecution; and the evidence shows that it was for the same offense, the testimony showing this fact being unrebutted.

The motion for a new trial should have prevailed.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*D. Moss* and *E. S. Stone*, for the appellant.