WININGER
v.
THE STATE.

*J. W. Sansberry*, for the appellant.

*J. Davis*, for the appellee.

----·—·—·----

THE PERU AND INDIANAPOLIS RAILROAD COMPANY *v.*
HUGHES.

*Wednesday,
December 21.*

----·—·—·----

WININGER and Others *v.* THE STATE.

Where an assault and battery is not the gravamen of, but merely an incident occurring at a riot, a final judgment in the prosecution for one of the offenses may not be a bar to a prosecution for the other.

*Wednesday,
December 21.*

APPEAL from the *Martin* Court of Common Pleas.

HANNA, J.—This was a prosecution for a riot. Trial by the Court; finding of guilty, and judgment, over a motion for a new trial.

The evidence is in the record, and, upon the part of the state, was sufficient to authorize the finding; but the witness, without objection, stated that the defendants had

each been fined three dollars, by a justice, for the same
act, upon a prosecution for an assault and battery. It is
further shown, by the bill of exceptions, that during the
trial "it was admitted before the Court, by the prosecuting
attorney, that all of the defendants had been legally tried
for the same act, upon a charge of an assault and battery,
before a justice of the peace, and had been fined the sum
of three dollars each, and that said judgment had not been
reversed," &c. The bill of exceptions further states that
the Court found the defendants guilty, notwithstanding
the admission, for the reason that the prosecution for the
riot was not for the same offense, and that the defendants
might be guilty of a riot and an assault and battery, by
the same act. This is the only point in the case. There
is thought to be a conflict in the decisions of some of the
sister states upon this subject.

We think the true rule, in prosecutions for offenses of
this character, is, that where the gravamen of the riot con-
sists in the commission of an assault and battery, then, a
conviction for that assault, &c., would be a bar to a prose-
cution for a riot; but where the commission of an assault
and battery was merely incidental to the riot, then a con-
viction for the one would not bar a prosecution for the
other; as in an instance where several should riotously
attempt to tear down a house, and, in that attempt, the
owner of the house, in the defense thereof, should be as-
saulted, &c. Here the purposed and main offense would
be, the demolition of the house, but at the same time the
parties might, in the perpetration of that offense, commit
other unlawful acts for which a prosecution could be main-
tained, as well as for the riot.

The question would be, is the one act included in the
other?

In the case at bar, although the Court below held it was
not the same offense, we are informed it was all the same
act, and the evidence shows the gravamen of the riot was
the assault and battery. The judgment must, therefore,
be reversed.

CASES IN THE SUPREME COURT

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*A. I. Simpson*, for the appellants.

*J. E. McDonald*, Attorney General, and *A. L. Roache*, for the state.