## THE STATE *v.* ELDER.

CRIMINAL LAW.—*Former Acquittal. --Murder of Unborn Child.—Attempt to Produce Miscarriage.*—An acquittal, on an indictment charging the defendant with the murder of an unborn child by the use of means intended to produce a miscarriage by the mother, is no bar to an indictment for an attempt to produce such miscarriage by the use of the same or any other means.

From the Franklin Circuit Court.

*T. W. Woollen,* Attorney General, *B. Burke,* Prosecuting Attorney, and *D. W. McKee,* for the State.

BIDDLE, J.—The appellee was indicted for an attempt to produce a miscarriage on the body of Elizabeth Bradburn.

The indictment contains three counts.

The first count charges, that " One Anthony Elder, on the 8th day of June, 1876, at said county and State aforesaid, unlawfully and wilfully employed a certain instrument, known as a uterine sound, in and upon the person of one Elizabeth Bradburn, who was then and there a

pregnant woman, by then and there inserting said instrument into the uterus of said Elizabeth Bradburn, and then and there and thereby attempting to rupture the placenta, with the intent then and there and thereby to produce the miscarriage of said Elizabeth Bradburn, the procuring of said miscarriage not being then and there necessary to preserve the life of the said Elizabeth Bradburn."

The second count of the indictment is the same as the first, except that it charges the appellant with having done the acts " by the hand of one Jane Abbott."

The third count in the indictment charges, that the appellant, on, etc., at, etc., " did then and there unlawfully and wilfully administer to one Elizabeth Bradburn, who was then and there a pregnant woman, a large quantity of medicine, with intent then and there and thereby unlawfully to produce the miscarriage of the said Elizabeth Bradburn, the procuring of said miscarriage not being then and there necessary to preserve the life of the said Elizabeth Bradburn, contrary," etc.

The appellant pleaded to the indictment by a special answer of former acquittal. The answer is so redundant in its averments, and thereby made so long, that it is quite impracticable to set it out in this opinion ; nor need we do so, as the only objection taken to it is, that the offence set up therein, of which it is alleged the appellant was acquitted, was not the same offence as that charged against him in the present indictment. The charge against the appellant, in the first count of the indictment in the former case, which is set out in the answer, was for murder in the first degree, averred in the following words :

" That the said Anthony Elder, on," etc., " at," etc., " did then and there unlawfully and feloniously, purposely and with premeditated malice, kill and murder a certain child, unnamed, of one Elizabeth Bradburn, by then and there unlawfully and feloniously and purposely employing a

certain instrument, to the grand jurors unknown, upon the body of the said Elizabeth Bradburn, who was then and there pregnant with said child, by then and there inserting said instrument into the uterus of the said Elizabeth Bradburn, and passing it about the fœtus, thereby causing the miscarriage of the said Elizabeth Bradburn, and the death of said child."

The second count of the former indictment is the same as the first, except that the charge of murder is made in the second degree instead of the first.

The court, upon demurrer, held this answer sufficient. From this ruling the State appealed.

That no person shall be put in jeopardy twice for the same offence is a common-law principle, which, we believe, is incorporated into the constitution of each of the States which compose the United States. This provision, however, has not been interpreted and applied uniformly throughout all the States. In some it has been held to mean no more than the common-law principle. In others, it has been held that the offender can be prosecuted to final judgment but once upon the same state of facts, although they may be susceptible of a division into several offences; that when the State has prosecuted the accused to final judgment on any one of such offences, the judgment shall be a bar to any other prosecution on the same state of facts. The English rule is, that, when the facts necessary to convict upon the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second; but, if the facts which will convict on the second prosecution would not necessarily have convicted on the first, then the first will not be a bar to the second, although the offences charged may have been committed by the same state of facts; and we believe this rule is valid in all the States of the Union. While in some a more liberal rule is held in favor of the accused, which allows

but one final judgment on the same state of facts, although they may include several offences.

We believe the true rules, deducible from both principle and authority, to be,

1. When the facts constitute but one offence, though it may be susceptible of division into parts, as in larceny for stealing several articles of property at the same time, belonging to the same person, a prosecution to final judgment for stealing a part of the articles will be a bar to a subsequent prosecution for stealing any other part of the articles, stolen by the same act.

2. When the facts constitute two or more offences, wherein the lesser offence is necessarily involved in the greater—as an assault is involved in an assault and battery, as an assault and battery is involved in an assault and battery with intent to commit a felony, and as a larceny is involved in a robbery—and when the facts necessary to convict on a second prosecution would necessarily have convicted on the first, then the first prosecution to a final judgment will be a bar to the second.

3. But when the same facts constitute two or more offences, wherein the lesser offence is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second, although the offences were both committed at the same time and by the same act.

The following text-books and decisions will support the above rules : 1 Whart. Crim. Law, secs. 565, 566 ; 1 Bishop Crim. Law, sec. 1,057 ; *Bruce* v. *The State*, 9 Ind. 206; *Trittipo* v. *The State*, 13 Ind. 360 ; *Jackson* v. *The State*, 14 Ind. 327 ; *Wininger* v. *The State*, 13 Ind. 540; *Hickey* v. *The State*, 23 Ind. 21 ; *Hamilton* v. *The State*, 36 Ind. 280 ; *Fritz* v. *The State*, 40 Ind. 18 ; *Clem* v. *The State*, 42 Ind. 420 ; *Brinkman* v. *The State*, 57 Ind. 76 ; *The State*

v. *George*, 53 Ind. 434 ; *Wilkinson* v. *The State*, 59 Ind. 416 ; *The Commonwealth* v. *Kinney*, 2 Virginia Cases, 139 ; *The King* v. *Emden*, 9 East, 437 ; *Commonwealth* v. *Squire*, 1 Met. 258 ; *The State* v. *Lewis*, 2 Hawks, 98 ; *Price* v. *The State*, 19 Ohio, 423 ; *State* v. *Stanly*, 4 Jones. N. C. 290 ; *State* v. *Birmingham*,Busbee, 120 ; *The State* v. *Cooper*,1 Green, N.J. 361 ; *The People* v. *Van Keurin*, 5 Parker C. C. 66 ; *Roberts* v. *The State*, 14 Ga. 8 ; *The State* v. *Keogh*, 13 La. An. 243 ; *The State* v. *Townsend*, 2 Harring. Del. 543 ; *Commonwealth* v. *Cunningham*, 13 Mass. 245 ; *The State* v. *Benham*, 7 Conn. 414 ; *Holt* v. *The State*, 38 Ga. 187 ; *Commonwealth* v. *Tenney*, 97 Mass. 50 ; *Hite* v. *The State*, 9 Yerg. 357 ; *The State* v. *Reed*, 12 Md. 263 ; *Wilson* v. *The State*, 24 Conn. 57 ; *Durham* v. *The People*, 4 Scam. 172 ; *The King* v. *Vandercomb*, 2 Leach, 708, cited in 1 Leading Criminal Cases, 516 ; *The State* v. *Shepherd*, 7 Conn. 54 ; *The State* v. *Chaffin*, 2 Swan, 493 ; *Gillespie* v. *The State*, 9 Ind. 380.

The answer we are considering falls under the third rule above stated. The lesser offence, namely, the charge in the present indictment, was not involved in the greater, namely, that charged in the former indictment, upon which the appellant was acquitted, as alleged in his answer. An indictment for the murder of the unnamed child of Elizabeth Bradburn is by no means the same as an indictment charging the employment of certain means, with the intent to procure the miscarriage of Elizabeth Bradburn, although the same means were used to commit the offence in both cases. The lesser offence is not involved in the greater ; the offences are not committed against the same person, and bear no resemblance to each other, either in fact or intent ; the facts necessary to support a conviction on the present indictment would not necessarily have convicted, nor would they even have tended to convict, upon the former indictment. We can not adopt the rule held in some

States, that the accused can not, in any case, be convicted but once upon the same facts when they constitute different offences, wherein the lesser offence is not involved in the greater, and when the facts charged in the second prosecution would not convict upon the former. We think the third rule, announced above, in such cases, expresses the law.

The answer is technically defective for another reason. It is pleaded to the whole indictment, and, to be sufficient, must be a bar to the whole indictment. The third count of the indictment charges, that the means used, with the intent to procure a miscarriage, was the administration " of a large quantity of medicine." The evidence necessary to convict upon this count would not have been admissible under the former indictment; much less would it have been sufficient to convict of the offence therein contained.

We believe this view is in accordance with the true construction of the following section of the code, 2 R. S. 1876, p. 402 :

" SEC. 110. When the defendant has been convicted or acquitted upon an indictment for an offence consisting of different degrees, the conviction or acquittal shall be a bar to another indictment for the offence charged in the former, or for any lower degree of that offence, or for an offence necessarily included therein." Moore Crim. Law, sec. 275.

The answer is insufficient. The court erred in holding it good.

The judgment is reversed, and the cause remanded, with directions to sustain the demurrer to the answer, and for further proceedings.