The State v. Hattabough.

## THE STATE v. HATTABOUGH.

| | |
|---|---|
| 66 | 223 |
| 128 | 163 |
| 66 | 223 |
| 141 | 121 |
| 66 | 223 |
| 145 | 307 |
| 66 | 223 |
| 156 | 250 |
| 156 | 448 |
| 66 | 223 |
| 166 | 590 |

CRIMINAL LAW.—*Appeal by State to Supreme Court.—Appearance.— Waiver of Notice of Appeal.*—An appearance and joinder in error by the defendant in a criminal prosecution, in the Supreme Court, on appeal thereto by the State, is a waiver of notice of the appeal.

SAME.—*Jurisdiction of Justice in Felonies.*—A justice of the peace has no jurisdiction to either acquit or convict a defendant charged with a felony, his only authority in such case being that of an examining court, to hear and discharge, or commit and bind over to appear before a court having jurisdiction to try.

SAME.—*Discharge no Bar to Subsequent Prosecution.*—A discharge by the justice, in such case, is no bar to a subsequent prosecution of the defendant, for the same offence.

SAME.—*Misdemeanor merged in Felony.—Assault and Battery with Intent to Murder.—Former Acquittal or Conviction.*—The misdemeanor known as assault and battery, when committed in connection with an attempt to murder, is merged in the felony known as assault and battery with intent to murder, and an acquittal or conviction of the misdemeanor, though by a court of competent jurisdiction, is no bar to a prosecution for the felony ; but, in such case, if the intent to murder be not established, such acquittal or conviction will bar a conviction of the assault and battery.

BIDDLE, J., dissents.

SAME.—*No Conviction of Assault and Battery on proof of Assault, etc., with Intent, etc.*—One on trial for simple assault and battery can not be convicted on evidence establishing him guilty of assault and battery with intent to murder.

SAME.—*Trial for Offence including Offences of less Degree.*—A defendant on trial for an offence which necessarily includes another offence or lesser degrees of offence is on trial for the latter as well as the former, and can not be subsequently convicted thereof.

From the Washington Circuit Court.

*T. W. Woollen*, Attorney General, *F. L. Prow*, Prosecuting Attorney, *A. F. Ayres, S. B. Voyles* and *J. B. Brown*, for the State.

*H. Heffren, J. A. Zaring, G. W. Paul* and *J. E. Humphries*, for appellee.

WORDEN, C. J.—The appellee in this case has moved to dismiss the appeal on the alleged ground of the insufficiency of the notice of appeal.

We have not considered the objection made to the notice given, because the appellee has appeared to the cause in this court, and joined in error. It is therefore immaterial whether any notice was given. The appearance and joinder in error are a waiver of notice of the appeal. The motion must be overruled.

The appellee was indicted in the court below for an assault and battery upon the person of Reason Lane, with intent thereby to unlawfully, feloniously, purposely, and with premeditated malice, kill and murder him.

The appellee pleaded as follows :

" The defendant, William Hattabough, in his own proper person, comes now into open court, and having heard the said indictment read against him, so found and returned as shown therein, says that the State of Indiana ought not further to prosecute the said indictment against him, because, he says, that heretofore, to wit, on the 7th day of January, 1879, before one William H. Gregory, a duly elected, commissioned and qualified justice of the peace in and for Washington county, State of Indiana, that he, said William Hattabough, was charged upon oath by one John F. Johnson, with an assault and battery upon the person of Reason Lane, at the county and State aforesaid, upon the 6th day of January, 1879 ; that he appeared in court and voluntarily surrendered himself to the custody of the court, entered a plea of guilty to the said charge and was fined one dollar and costs of suit ; that said judgment was paid in full by said defendant, and is in full force and not appealed from ; that the assault and battery now complained of in said indictment for assault and battery with intent to murder Reason Lane is the same identical charge of assault and battery, upon which he was charged and fined before the said Gregory aforesaid ; and this he is ready to verify. Wherefore," etc.

The State filed a demurrer to the plea, which was over-

The State *v.* Hattabough.

ruled, and the State excepted. The defendant was discharged.

The State appeals, and has assigned error upon the ruling on the demurrer.

The crime charged in the indictment is a felony, while a simple assault and battery is only a misdemeanor. Justices have no jurisdiction to try felonies. In respect to the latter grade of offences they have only the powers of an examining court, and can neither acquit nor convict thereof. They can only hear and commit or bind over the accused to answer before a court having jurisdiction to try the offence, or discharge the accused, as the evidence may warrant; and a discharge by a justice does not prevent another prosecution. *The State* v. *Morgan*, 62 Ind. 35.

But justices have jurisdiction to try simple assaults and batteries and a conviction or acquittal before a justice, of such an offence, will bar another prosecution for the same cause.

With this general statement of the law, we come more. directly to the question involved : Is a conviction or an acquittal before a justice of the peace, of an assault and battery, a bar to a prosecution for the same assault and battery with intent to commit a felony ?

To free the question from any confusion of ideas in respect to the jurisdiction of justices, we think it may be stated as follows : Does a conviction or an acquittal of a simple assault and battery, before a court of competent jurisdiction to try the same, bar a subsequent prosecution for the same assault and battery with intent to commit a felony ?

This question must, in our opinion, be answered in the negative, on principles which we regard as well established, though there are some authorities that seem to support a contrary doctrine.

The constitution provides, that " No person shall be put in jeopardy twice for the same offence."

By the prosecution for the assault and battery, the appellee was not put in jeopardy at all for the offence of assault and battery with intent to commit the murder; while if, upon the trial of the indictment, the State should fail to make out the felonious intent, the appellee could avail himself of the former conviction, so that he could not be punished twice for the same simple assault and battery. *The State* v. *George*, 53 Ind. 434.

The usual test by which to determine whether the former conviction or acquittal was for the same offence as that charged in the second prosecution, and, therefore, whether the former is a bar to the latter, is to enquire whether the evidence necessary to sustain the latter would have justified a conviction in the former case. *Burns* v. *The People,* 1 Parker C. C. 182 ; *The People* v. *Saunders*, 4 Parker C. C. 196 ; 1 Wharton Crim. Law, sec. 566 ; *The State* v. *Elder*, 65 Ind. 282.

The question arises then, whether, if upon the trial of the cause before the justice it had appeared that the assault and battery had been perpetrated with the intent to commit the murder (a fact necessary to be established in order to support the present indictment), the appellee could have been legally convicted of the simple assault and battery. It is quite clear, under the authorities, that he could not. Neither, on general principles of law, ought he to have been ; for, if rightfully convicted, the conviction would bar a subsequent prosecution for the felony, and the supposed felon would escape the punishment due to his crime, suffering only the trivial punishment prescribed for the misdemeanor.

And the reason why a conviction could not have been had upon the former trial is, that the misdemeanor involved in the assault and battery was merged in the felony.

There was no crime of assault and battery as an independent offence. The felony was the crime and the only crime of which the appellee was guilty. Therefore the evi-

dence necessary to sustain the indictment could not have justified a conviction of the simple assault and battery. Hence the appellee was not, by the former prosecution, put in jeopardy for the crime charged in the indictment.

The doctrine of merger in such case, though it has been in some instances called in question, is too thoroughly established in our system of criminal jurisprudence to be abrogated without legislative sanction. Nor is it perhaps desirable that it should be ; for if one guilty of a felony may be convicted of the misdemeanor involved in the felony, and thereby escape the punishment due to the felony, by setting up the former conviction, the purpose of the law in prescribing a greater punishment for felonies than misdemeanors will be thwarted. The good of society requires rather that, if charged with the misdemeanor, he should be acquitted thereof, and put upon his trial for the felony.

In reference to the merger we quote the following passage from the opinion of this court, delivered by STUART, J., in the case of *Wright* v. *The State*, 5 Ind. 527 : " Assault and battery, which is simply a misdemeanor, is not included in any of the degrees of homicide. The misdemeanor is merged in the felony. The assault and battery which results in death, must belong either to felonious homicide embraced in murder or manslaughter; or to justifiable or excusable homicide, as the execution of a felon by due course of law, or in a proper measure of self-defence. In either event, the simple assault and battery no longer remains as such to be punished. It is either merged, justified or excused."

The merger of the misdemeanor in the felony is as complete in the case of an assault and battery with intent to commit murder, as where the murder is committed.

We quote the following paragraph from 2 Russell Crimes, p. 1026, 9th ed., as illustrative of the foregoing views :

"Thus where the defendant was indicted for a misde-meanor, in burning a house in his own occupation, such house being alleged to be contiguous and adjoining to certain dwelling-houses of divers liege subjects, etc.; and the facts of the case, as opened by the counsel for the prosecution, appeared to be that the defendant set fire to his own house, in order to defraud an insurance office, and that in consequence several houses of other persons, adjoining to his own, were burnt down; Buller, J., said that if other persons' houses were in fact burnt, although the defendant might only have set fire to his own, yet under these circumstances the prisoner was guilty, if at all, of felony (the misdemeanor being merged) and could not be convicted in this indictment; and, therefore, he directed an acquittal."

The case before us can not be distinguished in principle from that of *The People* v. *Saunders*, 4 Parker C. C. 196, above cited.

There the defendant was indicted for a rape, and he pleaded that he had been convicted before a justice of the peace of an assault and battery upon the prosecutrix, and fined $20, and sentenced to imprisonment for thirty days in the county jail, in case the fine was not paid, and that he had paid the fine; that the assault and battery of which he had been so convicted was the same assaulting, beating and carnally knowing the prosecutrix charged in the indictment, and was one and the same assault and battery, etc. This plea was held bad. The court said, among other things, as follows: "There is another reason why the pleas must be held void. The plea of *autrefois convict* admits the offence charged in the indictment, and as these pleas admit the crime of rape against the defendant, he could not be convicted of assault and battery, for the misdemeanor was merged in the felony." A number of authorities are cited upon the point.

In 1 Wharton Crim. Law, at section 566 above cited, the author says:

"Even where the first trial is for a misdemeanor, and the second for a felony, the test holds good that the plea is sufficient if the evidence requisite to support the second indictment must necessarily have supported a conviction on the first. Where the doctrine of merger obtains, the evidence of the consummated felony would have secured an acquittal on the first indictment, and such acquittal would have been no bar. Thus, it has been said, that where on an indictment for an assault to rob, murder, or ravish, the felony turned out to have been completed, the defendant's acquittal, which the court would have been bound to direct, would have been no bar to an indictment for the felony."

In *Severin* v. *The People*, 37 Ill. 414, the court, without entering upon any lengthy discussion of the question, said:

"If an indictable offence has really been committed, we apprehend this conviction for a simple assault and battery can not be pleaded in bar of a prosecution for such offence."

Assuming, as we must, for the purposes of the question involved, that the appellee was guilty of assault and battery with the intent charged in the indictment, he was not guilty of the simple assault and battery to which he pleaded guilty, as that offence was merged in the felony; and it was his own fault that he was convicted thereon. By a proper defence he could have successfully resisted that prosecution; and, as by that prosecution he was not put in jeopardy regarding the felony, that conviction is no bar to the prosecution for the felony. And, as we have already seen, upon the trial of the cause upon the indictment, the appellee can give in evidence the former conviction; and, in case the court or jury trying the cause should find him not guilty

of the intent charged, thus leaving the assault and battery a simple one, uncoupled with the felonious intent, the former conviction will be a bar to the prosecution for the simple assault and battery.

We have some statutory provisions that may be supposed to have some bearing upon the question involved, which we proceed to consider. Thus it is provided in sec. 14, 2 R. S. 1876, p. 419, that, " on an indictment for an assault and battery with an intent to commit a felony, the defendant may be convicted of a lesser offence." This, and perhaps some other provisions yet to be noticed, were intended to meet cases where the evidence should not establish the felony, but should establish the less offence, as the assault and battery in cases where that is charged with an intent to commit a felony. A conviction of the less offence could not have been had, without the statute, upon such indictment; hence the statute. *Gillespie* v. *The State*, 9 Ind. 380.

On page 389 of the same volume are the following provisions :

" Sec. 72. Upon an indictment for an offence consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offence.

" Sec. 73. In all other cases the defendant may be found guilty of any offence, the commission of which is necessarily included in that with which he is charged in the indictment."

The object of all these provisions was to authorize a conviction of the less degree of offence, or of an offence which is necessarily included in that which is charged, where the evidence establishes the less, but does not establish the greater offence.

They can have no bearing upon the case before us ex-

cept to show that, upon the trial of this cause, the defendant may be acquitted of the felonious intent charged, and convicted of the simple assault and battery, unless he shall establish the former conviction pleaded by him.

Then on page 402 we have the following section :

" Sec. 10. When the defendant has been convicted or acquitted upon an indictment for an offence consisting of different degrees, the conviction or acquittal shall be a bar to another indictment for the offence charged in the former, or for any lower degree of that offence, or for an offence necessarily included therein."

The section last quoted is but the complement of the previous ones, and its provisions would probably have legally resulted from the others without express enactment. If one is put upon trial for a given offence, on which he may be convicted of a less degree of offence than that charged, or of an offence necessarily included in that charged, he is put upon trial not only for the offence charged, but for the less degree, or the offence necessarily included in that which is charged; and it would seem, on general principles that an acquittal or conviction should bar another prosecution.

The section, however, throws no light upon the question here involved. It provides simply for the effect of an acquittal or conviction in cases where the defendant is charged in the indictment with the higher offence consisting of grades, or which necessarily includes another offence.

No inference can be drawn from that, or any other provision of the statute that we are aware of, of a legislative intent, that when one is put upon trial for a misdemeanor, and the offence turns out to be a felony in which the misdemeanor is merged, he may nevertheless be convicted of the misdemeanor, or that such conviction, if had, would bar a prosecution for the felony.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to sustain the demurrer to the plea.

## DISSENTING OPINION.

BIDDLE, J.—Upon a careful consideration of the question, I find it impossible to concur in the opinion of the majority of the court in this case, without sacrificing what seems to me to be a judicial duty. The unqualified doctrine, that a conviction or an acquittal of a simple assault and battery before a court of competent jurisdiction to try the same is not a bar to a subsequent prosecution for the same assault and battery with intent to commit a felony, which I understand to be the basis of the majority opinion, is so repugnant to my judgment that I am constrained to enter my dissenting opinion.

The answer pleaded in this case shows a conviction of the assault and battery in a court of competent jurisdiction to try the same ; and the answer avers that it is the same assault and battery now charged against the appellee in the pending indictment, with intent to commit the murder charged. The conviction before the justice of the peace, being before a court of competent jurisdiction to try the case, is as effective as if it had been tried in the circuit court upon indictment, and a conviction had thereon. According to the opinion of a majority of the court, as I understand it, it would necessarily follow, then, that, if the appellee had been indicted and convicted in the circuit court for the simple assault and battery, as stated in the answer he has filed, and afterwards was indicted as he now stands charged, the former conviction could not be pleaded to the present indictment. While it is very clear from our own decisions, that, if the appellee had been indicted in the circuit court for the assault and battery in one count, and for the assault and battery with intent to

commit the murder in another count of the same indictment, or if he had been indicted for the assault and battery with intent to commit the murder in one count, a conviction in either case of the simple assault and battery would be a bar to the higher degree of the crime. *Weinzorpflin* v. *The State*, 7 Blackf. 186; *Clem* v. *The State*, 42 Ind. 420; *Fritz* v. *The State*, 40 Ind. 18; *The State* v. *George*, 53 Ind. 434.

But the opinion is based upon the doctrine of merger; that the assault and battery is merged in the assault and battery with the intent to commit the murder. If this doctrine be true, that the lower crime is merged in the higher crime, which includes it, then every assault and battery is merged in the assault and battery with intent to commit a felony, and every assault and battery with intent to commit a felony is merged in the felony when the felony is committed.

According to this rule, it would be impossible to convict of any of the lower degrees of the offence, unless they stood alone, uncoupled with the higher degrees of the offence. This is the doctrine of merger in criminal offences, which, as it seems to me, is directly against the following sections of our criminal code:

" SEC. 72. Upon an indictment for an offence consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offence.

" SEC. 73. In all other cases the defendant may be found guilty of any offence, the commission of which is necessarily included in that with which he is charged in the indictment.

" SEC. 74. Counts for murder in the first and second degree, and for manslaughter, may be joined in the same indictment, and on the trial the defendant may be convicted of either offence." 2 R. S. 1876, p. 389.

According to the doctrine of merger, but for these sections, no conviction could be had in such cases, except for the highest degree of crime charged in the indictment; and, according to our decisions, a conviction or acquittal of the lower degree of the crime in such cases is a bar to subsequent indictment for the higher degree.

It can not be said, that, because the justice of the peace before whom the conviction of assault and battery was had, as set forth in the answer we are considering, had no jurisdiction of an assault and battery with intent to murder, therefore the answer is insufficient. The charge before the justice was simply for an assault and battery, over which he had jurisdiction, and which he was competent to try, and whose judgment is as effective as if it had been had in the circuit court upon indictment, and, I think, just as effective as if, in the circuit court, it had been coupled in the same indictment with the intent to commit the murder, and a conviction had. I agree that, if before the justice the charge had been for an assault and battery with the intent to commit the murder, and he had convicted him of the assault and battery merely, the conviction would have been a nullity.

We have seen by the authorities, that, if the conviction of the assault and battery had been adjudged in the circuit court, upon an indictment charging the assault and battery with intent to murder, it would have been a bar to a subsequent indictment for the assault and battery with the intent to murder; and I cannot understand why a conviction for an assault and battery, founded upon a charge of assault and battery with intent to commit murder, can be made any more effective than a conviction for the same assault and battery, founded upon a charge of assault and battery alone; and when it must be held that the conviction before a justice has the same effect as a conviction in the circuit court, the conclusion seems to me irresistible,

that the answer under consideration is sufficient. And to my understanding the opinion of a majority of the court is inconsistent with itself, for it lays down the rule that " The usual test by which to determine whether the former conviction or acquittal was for the same offence as that charged in the second prosecution, and therefore whether the former is a bar to the latter, is to enquire whether the evidence necessary to sustain the latter would have justified a conviction in the former case ;" and authorities are cited in support of the rule. With this rule I concur; I believe it to be the law; but how it can be said that the evidence necessary to convict upon the charge in the indictment before us, which is for an assault and battery with intent to commit murder, would not "justify a conviction in the former case" set up in the answer, which is simply for the same assault and battery, is what I cannot perceive. Surely, evidence which proves an assault and battery with intent to commit murder proves the assault and battery. The intent which makes the crime a felony, whatever may be its moral turpitude, is legally harmless when uncoupled with the assault and battery. Alone, the intent is impalpable and unpunishable. And how the appellee could be tried on the present indictment without putting him in jeopardy twice for the assault and battery set up in the answer, is also what I cannot understand. My learned brother who delivered the opinion of a majority of the court, after laying down the well-settled rule as above, reasoned, as it seems to me, directly against it, as if it were necessary that the evidence which would convict in the former case, should necessarily convict in the latter case. This is reversing the rule. He says : " The question arises, then, whether if upon the trial of the cause before the justice it had appeared that the assault and battery had been perpetrated with the intent to commit the murder " (a fact nec-

essary to be established in order to support the present indictment), the appellee could have been legally convicted of the assault and battery, it is quite clear, under the authorities, that he could not; neither, on general principles of law, ought he to have been; for, if rightfully convicted, the conviction would bar a subsequent prosecution for the felony." Here the learned judge says, that, if the appellee was rightfully convicted before the justice of the peace, " the conviction would bar a subsequent prosecution for the felony." How can this court say, when the question comes up collaterally, that the conviction before the justice was not rightfully had?

The same judge, in the case of *The State* v. *George*, 53 Ind. 434, held that a conviction of an assault and battery before a justice of the peace, though upon a bad affidavit, is a good bar to a subsequent prosecution for the same offence. Every presumption is in favor of the record. We can not presume that there was any evidence before the justice showing that the assault and battery was committed with the intent to commit the murder as charged in the indictment. Indeed, in the present case, such a presumption is forbidden by the face of the record, for it shows that the prosecution was simply for an assault and battery, and that the plea to it was " guilty." Upon this plea no evidence was necessary to support the conviction, and we can not presume that any was given, thus showing that the State elected to prosecute the appellee for the assault and battery merely, and to accept his plea of " guilty." The State is therefore bound by the record. She can not prosecute the appellee again for an offence which puts him in jeopardy again for the same offence upon which he has been convicted. The justice had jurisdiction over the subject-matter, and over the person of the defendant, and we can not say that the conviction was not rightfully adjudged; and, being rightful, it is a bar to the indictment

for the same offence. There is nothing in the record showing that the conviction had any thing to do with an assault and battery with the intent to murder, and a subsequent indictment can not change the effect of the record. The former conviction can not be affected by the subsequent indictment, but the subsequent indictment can be answered by the former conviction. It is impossible to convict upon the indictment without convicting twice for the assault and battery.

It was a maxim in the common law of England, that no man was to be put in jeopardy more than once for the same offence, under which it was held that a conviction of manslaughter was a bar to an indictment for murder. 4 Bl. Com. 336.

Wharton, in his treatise on criminal law, in section 565, in discussing this principle, states, " that in cases of felony, where one of the offences is a necessary ingredient or accompaniment of the other, and where the State has selected and prosecuted the former to conviction, there can be no further prosecution on .the other," and, after citing authorities in its support, lays down the rule, that "Where the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first, the plea is generally good, but not otherwise; " and in section 566 he states the rule to be the same when the offences are of different grades,—that " Even where the first trial is for a misdemeanor, and the second for a felony, the test holds good that the plea is sufficient if the evidence requisite to support the second indictment must necessarily have supported a conviction on the first." The question before us now is not whether several offences may not arise out of the same state of facts, and each be punished, but the question is whether the subsequent prosecution necessarily includes the former; if it does, then a conviction on the former is a good bar to the latter.

Upon the question whether the conviction of a lesser offence will bar the greater offence, in which the lesser is included, we find the following rule stated in 1 Bishop Crim. Law, sec. 1,057 :

" But where the conviction or acquittal is upon an indictment covering no more than one of the smaller crimes, included, as before mentioned, within a larger, the question arises, whether this will bar an indictment embracing one of the larger. If it will not bar, then the prosecutor may begin with the smallest, where there are several crimes included within one another, and obtain successive convictions, ending with the largest ; while, if he had begun with the largest, he must there stop,—a conclusion repugnant to good sense. Besides, as the larger includes the smaller, it is impossible a defendant should be convicted of the larger without being convicted also of the smaller ; and thus, if he has been already found guilty of the smaller, he is, when on trial for the larger, in jeopardy a second time for the same, namely, the smaller, offence. Some apparent authority, therefore, English and American, that a jeopardy for the less is no bar to an indictment for the greater, must be regarded as unsound in principle ; while the doctrine which holds it to be a bar rests firmly on adjudication also."

In the case of *The King* v. *Vandercomb,* 2 Leach C. C. 708, cited in 1 Leading Criminal Cases, 516, the court lays down the true principle, and its application, as follows :

" These cases establish the principle, that unless the first indictment were such as the prisoners might have been convicted upon it, by proof of the facts contained in the second indictment, an acquittal on the first indictment can be no bar to the second. A former acquittal is no bar to a subsequent prosecution unless the accused could have been convicted upon the first indictment, upon proof of the

facts averred in the second. Now, to apply the principle of these cases to the present case : The first indictment was for burglariously breaking and entering the house of the Misses Neville's, and stealing the goods mentioned; but it appeared that the prisoner broke and entered the house with intent to steal, for in fact no larceny was committed, and therefore they could not be convicted on that indictment; but they have not been tried for burglariously breaking and entering the Misses Neville's house with intent to steal, which is the charge in the present indictment, and therefore their lives have never been in jeopardy for this offence. For this reason the judges are all of opinion that the plea is bad."

It is plain in this case, that the facts charged in the second indictment could not have convicted the accused on the first indictment, because proof of the intent ·to · commit the larceny was not proof of the larceny itself ; and it is also plain that, if the accused had been first convicted on the indictment for burglary with the intent to commit the larceny, and afterwards had been indicted for the burglary with the commission of the larceny, the conviction on the first indictment would have been a bar to the second, because larceny can not be committed without the intent to commit it; the proof, therefore, which would have convicted under the second indictment would necessarily have convicted under the first. So, in the case before us, the proof which would convict under the indictment for an assault and battery with intent to murder would necessarily convict of the assault and battery set up in the answer; the answer is, therefore, under the principle well settled, sufficient to bar the indictment. In the case of *The State* v. *Shepard,* 7 Conn. 54, it was directly held that a conviction on an indictment for an assault with intent to commit a rape was a bar to an indictment for committing the rape, the court saying, that: "If the convic-

tion there can not be pleaded in bar of an indictment for a rape, then he may be tried again; and, as he has already suffered, and is still enduring a punishment for the less crime, and may be condemned and suffer for the greater, he may be twice punished for the same fact,—a doctrine repugnant to well established principles of law."

In the case of *The State* v. *Chaffin*, 2 Swan, 493, it was held that a party, having been convicted of an assault, can not afterward be punished for a battery committed at the same time. The opinion of the court is brief, and in these words:

" The battery includes the assault, and for the assault the defendant has received the legal punishment. He can not now be punished for the battery, because it can not be separated from the assault. The one is a necesary part of the other, and if he be now punished for the battery he will thereby be twice punished for the assault; that is, be twice punished for the same offence, which, of course, can not be done."

In the case of *Hickey* v. *The State*, 23 Ind. 21, it was held by this court, that a prosecution for larceny would bar a prosecution for robbery in taking the same goods, because the robbery included the larceny. In the case of *Hamilton* v. *The State*, 36 Ind. 280, it was held that a prosecution for an assault and battery with the intent to commit a robbery would bar a prosecution for the robbery itself. The case of *Jackson* v. *The State*, 14 Ind. 327, was as follows: " The indictment charged the defendant with stealing two horses. It appears in evidence that he stole, with the horses, saddles and bridles. It was claimed that there was a fatal variance. This was a mistake. The proof established the stealing of the articles charged in the indictment. This sustained the prosecution. The omission to include in the indictment other articles, stolen at the same time, and forming a part of a single offence, was for the defendant's benefit, if it had any bearing upon the case. It made

the offence charged appear less aggravated than it really
was, while the conviction or acquittal on the indictment as
drawn, would bar another prosecution for the same larceny.
The State can not split up one crime and prosecute it in
parts.   A prosecution for any part of a single crime bars
any further prosecution based upon the whole or a part of
the same crime."

We think it is impossible to distinguish these cases, in
principle, from the case we are now considering; and the
following authorities, as it seems to me, fully support the
whole scope of this dissenting opinion : *Bruce* v. *The State,*
9 Ind. 206; *Trittipo* v. *The State,* 13 Ind. 360; *Wininger* v.
*The State,* 13 Ind. 540 ; *Clem* v. *The State,* 42 Ind. 420; *Brink-
man* v. *The State,* 52 Ind. 76; *Wilkinson* v. *The State,* 59
Ind. 416; *The King* v. *Emden,* 9 East, 437; *Commonwealth*
v. *Squire,* 1 Met. 258; *Commonwealth* v. *Kinney,* 2 Vir-
ginia Cases, 139; *The State* v. *Lewis,* 2 Hawks, 98; *Price* v.
*The State,* 19 Ohio, 423 ; *The State* v. *Birmingham,* Busbee,
120 ; *The State* v. *Keogh,* 13 La. An. 243 ; *The State* v. *Cooper,* 1
Green, N. J. 361; *Roberts* v. *The State,* 14 Ga. 8 ; *The People* v.
*Van Keuren,* 5 Parker C. C. 66 ; *The State* v. *Townsend,* 2 Har-
ring. Del. 543 ; *The State* v. *Benham,* 7 Conn. 414 ; *Common-
wealth* v. *Cunningham,* 13 Mass. 245 ; *Commonwealth* v. *Ten-
ney,* 97 Mass. 50; *Holt* v. *The State,* 38 Ga. 187 ; *The
State* v. *Reed,* 12 Md. 263 ; *Wilson* v. *The State,* 24
Conn. 57 ; *Hite* v. *The State,* 9 Yerg. 357 ; *Durham* v.
*The People,* 4 Scam. 172 ; *The State* v. *Elder,* 65 Ind. 282.

If the rule laid down by the majority of the court in
this case, as the law of the land, must prevail, I do not see
why any person charged may not be convicted, upon sepa-
rate indictments, if the evidence warrants it, first for an
assault and battery, second, for an assault and battery with
intent to commit a felony, and, third, for the felony, when,
in fact, the offences are but the component parts of
one offence, namely, the felony, and thus be punished

three times for the same offence. I do not think the State can apportion one crime into several offences of different grades, and punish the offender for each portion by piecemeal. The State must choose her ground, and when once chosen, and the offence prosecuted to final judgment, she can not be allowed to change her ground, and turn the same state of facts into another grade of the same offence, the proof of which would sustain the former charge also. Such a doctrine would tend to a Draconian severity, unwarranted by the spirit of American institutions, and, as I think, in violation of the constitution of the State of Indiana, by which it is solemnly declared, that:

" Sec. 14. No person shall be put in jeopardy twice for the same offence. No person, in any criminal prosecution, shall be compelled to testify against himself.

" Sec. 15. No person arrested, or confined in jail, shall be treated with unnecessary rigor.

" Sec. 16. Excessive bail shall not be required. Excessive fines shall not be imposed. Cruel and unusual punishments shall not be inflicted. All penalties shall be proportioned to the nature of the offence.

" Sec. 17. Offences, other than murder or treason, shall be bailable by sufficient sureties. Murder or treason shall not be bailable, when the proof is evident, or the presumption strong.

" Sec. 18. The penal code shall be founded on the principles of reformation, and not of vindictive justice." Article 1, Constitution of Indiana, 1 R. S. 1876, p. 23.

After thus viewing the question by every light in which I can see it, and with the strongest desire to concur with my brother judges, I am yet unable to escape the judicial conviction, that the answer we are considering is sufficient, and that the judgment below ought to be affirmed. *Hayworth* v. *The State*, 14 Ind. 590 ; *Hamilton* v. *The State*, 36 Ind. 280 ; *McCarty* v. *The State*, 44 Ind. 214.