WILCOX ET AL VS UNITED STATES.

Opinion rendered June 14, 1907.

(103 S. W. Rep. 774)

1. *Peremptory Challenges.*

> The challenge of one defendant where two are tried together is the challenge of all. Therefore they are entitled to but three peremptory challenges.

2. *Disturbing the Peace—Evidence.*

> Evidence that a prior agreement was made to entice a person assaulted to a place designated for the purpose of committing assault and battery or that two defendants acted together at the time of offence is sufficient to show concert of action on part of two defendants or trial for disturbing peace and quiet of a family by assault and battery committed on another.

3. *Same.*

> Evidence that defendants were together on the day before the offense was committed is admissible evidence in proof of a conspiracy.

4. *Criminal Law.*

> Rev. St. U. S. § 5518 (U. S. Comp. St. 1901, p. 3714) provides punishment for two or more persons who conspire to injure an officer

of the United States or his property on account of the discharge of his duties, or to prevent him by force or intimidation from discharging the duties of his office. *Held*; That where defendants had been acquitted of charge of assault and battery was not a bar to action by the family whose peace and quiet had been disturbed by the commission of the offense.

5. *Disturbing the Peace—Evidence.*

Evidence that person on whom the assault and battery was committed was in the habit of using abusive and profane language was inadmissible, because it had a tendency to affect his reputation. Such evidence was also inadmissible as it had a tendency to establish a self-defense.

Error to the United States Court for the Central District of the Indian Territory; before Justice Clayton, March 25, 1905.

J. C. Wilcox and another were convicted of disturbing the peace and quiet of a family by fighting, and they bring error. Affirmed.

*J. A. Hale* and *Yancey Lewis*, for plaintiffs in error.

*G. A. Mansfield* and *James E. Gresham*, Asst. U. S. Atty.

LAWRENCE, J. Defendants below were indicted and the indictment charged that upon September 17, 1904, within said district, they unlawfully, willfully and maliciously disturbed the peace and quiet of the family of J. W. McCreary, at his dwelling place, in the town of Hartshorn, by threatening to fight and by fighting. They were both tried together March 24, 1905, and found guilty by a jury, which assessed a fine of $200 and three months' imprisonment in jail to each. Upon this verdict judgment was entered. Defendants procured a supersedeas and brought this writ of error.

Eight errors have been assigned: (1) The court erred in restricting the defense to three peremptory challenges of jurymen. (2) The court erred in permitting testimony tending to prove a conspiracy between defendants and others by which Wilcox was to get Charles O. Shephard to go with him to where

the assault was committed, and the defendant Ungles was then to assault and beat Shephard.  (3)  The court erred in refusing the offer of defendants to introduce in evidence the indictment and judgment of acquittal of these defendants for the identical offense under the specific charge of conspiracy in said District Court.  (4)  The court erred in refusing to allow defendants to prove by a witness, McFarland, that he (the witness) knew Charles O. Shephard, and that Shephard was given to the habitual use of abusive and insulting language to those about him, as bearing on the issues of probability and credibility made by the testimony of defendant Wilcox and a witness, one Brazil.  (5)  The court erred in refusing to allow Brazil to testify to acts of James E. Gresham, assistant prosecuting attorney, as tending to confirm his statement that Gresham would procure testimony in an improper and unlawful manner; such statement having been brought out in cross-examination of Brazil.  (6)  The court erred in refusing to give to the jury special charge No. 2 asked for by defendants. (7)  The verdict is contrary to the law and the evidence.  (8) The court erred in overruling the defendants' motion for new trial.

The facts, in brief, are that Charles O. Shephard was chairman of the Choctaw townsite committee.  As such official he had appraised a lot and the improvements thereon in the town of Hartshorn claimed by defendant Wilcox.  On the date alleged Shephard and his wife were walking together upon the streets of this town, when they were accosted by Wilcox, who requested that Shephard go with him to view the lot in question, which was not far distant, and who at the same time stated to Mrs. Shephard that she could go to the hotel, and that they would not be gone long.  Shephard made objection to going, saying that the matter had been determined, and that he could not advise or do anything; but finally he went with Wilcox and Mrs. Shephard returned to the hotel.  Wilcox took Shephard

to the lot, and stopped near the house of McCreary, at the yard fence and then some loud talking was had within the hearing of Mrs. McCreary and the family. Wilcox charged Shephard with robbing the people by the excessive appraisements. To this Shephard made reply, and during the discussion the defendant Ungles came up, stood by for a short time, and as Shephard started to go away Wilcox took hold of Shephard by the shoulder roughly, turned him partly around, and thereupon Ungles struck Shephard with his fist a number of blows, knocked him down, kicked him, and bruised and wounded him on various parts of his body. Wilcox stood by without in any way interfering. Defendants left the place while Shephard lay helpless on the ground. He finally arose and staggered away. Mrs. McCreary states that she was frightened and became very nervous, and tried to get help to assist Shephard to arise, but was unable to do so. She stated that the family consisted at that time of herself, her husband, and five children, and that another child was born to them some six weeks afterward. She stated that the excitement caused by the fighting and threatening to fight caused her to become sick, and that she remained so for two or three weeks immediately thereafter, which required her husband to remain at home. Shephard states that his upper front teeth were knocked out in the fight, his side bruised, and both eyes injured, from which he yet suffers, and that he is rendered less able to work and endure fatigue. He is a man of small size and was then 62 years of age. It appears that Ungles was a large powerful man. These facts clearly show that the verdict of the jury and the judgment of the court is correct, unless there was error upon the part of the trial court in its refusal to allow the six peremptory challenges to jurors claimed by defendants, in admitting and excluding evidence, or in instructing the jury.

The first assignment is disposed of by the statute, which provides that: "The defendant is entitled to three peremptory

challenges in prosecutions for misdemeanors. * * *
When several defendants are tried together, the challenge of
any one of the defendants shall be the challenge of all." This
means what it plainly says: "The challenge of one shall be
the challenge of all." Any other construction would be un-
reasonable.

There was no error on the part of the court in permitting
testimony to be introduced tending to prove a concert of action
on the part of the defendants, whether by prior agreement or
acting together at the time of the offense charged. It is entirely
immaterial whether or not a conspiracy had been formed by
defendants or others to entice Shephard to the place of assault
and battery, for the purpose of it, or whether, without such
purpose, it occurred upon the spur of the moment, and both
defendants participated together; the one aiding, assisting,
encouraging and abetting the other. In either condition of
the case they would be principals. It was a question of fact
for the jury to determine, from the evidence, whether Wilcox
aided, assisted, encouraged, or abetted his codefendant in the
assault and battery, and consequent disturbance of the peace
and quiet of the family of McCreary. As to the existence of
these facts there cannot be any reasonable doubt.

Much reliance is placed by counsel for defendants on the
third assignment of error, which appears to embrace two in one.
In this complaint is made of the action of the court in allowing
testimony to be given on the part of the government as to the
defendants being together during the day previous to the assault
and battery, and not in the neighborhood of the McCreary
home, as tending to prove a conspiracy; and furthermore, if
admissible on that ground, it is insisted that the records of the
trial court in No. 5,277 of the criminal docket shows a trial and
acquittal upon an indictment for conspiracy to make this assault
and battery. The testimony was proper to show a concert
of action, an aiding, abetting, and encouraging the distinct

offense of "disturbing the peace and quiet of a family by fighting and challenging to fight." Moreover, the former trial and acquittal of the offense of conspiracy to commit the same assault was not a bar to the prosecution for disturbing the peace of the family. The offenses were not the same. The indictment was under section 5518, Rev. St. U. S. (U. S. Comp. St. 1901, p. 3714), enacted especially to protect its officers while in the discharge of their official duties, and is in the following language: "If two or more persons in any state or territory conspire to prevent, by force, intimidation or threats, any person from accepting or holding any office, trust or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any state, district, or place where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property, so as to molest, interrupt or hinder or impede him, in the discharge of his official duties; each of such persons shall be punished by a fine of not less than five hundred nor more than five thousand dollars, or by imprisonment with or without hard labor, not less than six months nor more than six years, or by both such fine and imprisonment." The indictment for conspiracy charged a felony; the one at bar a misdemeanor. While the plea of autrefois acquit was not interposed by defendants, yet they sought to reach the same result by offering the record of the conspiracy case in evidence, and the sustaining of the objection to it was equivalent to the sustaining of a demurrer to such plea under the same conditions and circumstances. We think there was not any error in sustaining the objection of the government to the introduction of this record in evidence. It must be admitted that a person cannot lawfully be tried twice for the same offense, and the true test is whether the evidence

necessary to justify conviction under the second indictment would have been sufficient to sustain a conviction upon the first indictment. To make the case of conspiracy it was necessary to prove that defendants agreed either expressly or impliedly to commit some one or more of the things prohibited by said section of the United States Revised Statutes, and in consummation thereof did some overact. The gist of conspiracy is the planning and agreeing to commit the offense prohibited, while the offense of disturbing the peace and quiet of the family was not the agreeing to do it, but the fact of doing it by fighting, or challenging to fight, in the presence of the family, in the manner and to the extent of disturbing its peace and quiet. It is apparent that there might be a case of conspiracy established by facts that would fall far short of making out a case of disturbance of the peace and quiet of a family. The case of State vs Elder, 65 Ind. 282, 32 Am. Rep. 69, was where defendant was tried for an attempt to commit an abortion, having prior thereto, upon some proof, been found not guilty of the murder of the unborn child, and upon demurrer of defendant he had judgment of not guilty. The judgment was reversed in the Supreme Court, and the case remanded. It was held that the offenses were distinct—the attempt to commit abortions, and murder. The lesser was not contained in the greater. "An indictment for the murder of the unborn child of Elizabeth Bradburn is by no means the same as an indictment charging the employment of certain means with the intent to procure the miscarriage of Elizabeth Bradburn, although the same means were used to committ the offense in both cases. The offenses were not committed against the same person, and bear no resemblance to each other either in fact or intent. The facts necessary to support a conviction on the present indictment would not necessarily have convicted, nor would they have tended to acquit, upon the former indictment." To the same effect are the cases of Commonwealth vs Tenney, 97 Mass.

50; Price vs State, 19 Ohio 423; Archbold's Crim. Pleading, 87.

The fourth assignment of error on the part of the trial court, in excluding the testimony of the witness McFarland, is not well taken, for the evidence sought to be brought out was the habit of the prosecuting witness Shephard in using insulting, rude, and violent language. This in no sense could be taken as affecting the reputation of the witness. It was not offered in mitigation, and could not be used in attempting to brace up the defense of self-defense, for words cannot justify an assault and battery, or the disturbance of a family in no wise participating in the disturbance, but unwilling sufferers from it. It is elementary that the character of a party, in regard to any particular trait, is not in issue, unless it be the trait which is involved in the matter charged against him; and of this it is only evidence of general reputation which is to be admitted, and not of positive evidence of general bad conduct. 1 Greenleaf's Evidence, § 55.

The fifth error charged against the court in refusing to allow defendants to prove by one Brazil certain statements made by the United States assistant attorney concerning the case was not well taken, as this was clearly right on the part of the court because the testimony sought was irrelevant, immaterial, and improper.

The remaining errors assigned are not mentioned by defendants in their printed argument, and we take it they are abandoned.

The errors charged are not of sufficient force and gravity to authorize the reversal of the judgment of the trial court, and it is therefore affirmed.

GILL, C. J., and TOWNSEND, J., concur.