May Term,
1844.

THE STATE *v.* KENNEDY.

THE STATE
v.
KENNEDY.

A person indicted for an assault and battery with intent to murder, may be
found guilty of a simple assault and battery.

ERROR to the *Jefferson* Circuit Court.

BLACKFORD, J.—This was an indictment for an assault and battery with intent to murder. ˙Plea, not guilty. Verdict as follows : "We the jury find the defendant not guilty of the felonious intent to murder, but guilty of an assault and battery as he stands charged in the indictment; and we assess. his fine at ten dollars, and that he be imprisoned in the county jail for ten days." The Court, on motion of the defendant, set aside ˙that part of the verdict which finds him guilty, and gave judgment that he should be discharged.

It is a general rule, that where the accusation, as in the case before us, includes an offence of inferior degree, the jury may discharge the defendant of the higher crime and convict him of the inferior one. 1 Chitt. C. L. 638. Thus, on an indictment for murder, the defendant may be found guilty of manslaughter, and on an indictment for burglary and stealing goods, or on an indictment for robbery, the prisoner may be found guilty only of the simple larceny. 1 Phill. Ev. 203. In *England*, it is true, the defendant could not, previously to a recent statute, have been found guilty of a misdemeanor on an indictment for felony, because if he could have been thus found guilty, he would have lost several privileges which, on an indictment for the misdemeanor, the law gave him. 1 Chitt. C. L. 639.—*Rex* v. *Westbeer*, 2 Strange, 1133. But this reason for taking such case out of the general rule to which we have referred, does not exist in this state,—there being here no privilege to which the defendant is entitled when charged with a misdemeanor, which he may not claim when indicted for a felony ; and *cessante ratione legis cessat ipsa lex.*

We think, therefore, that the jury had a right, on this indictment for felony, to find the defendant guilty of the inferior offence of assault and battery included in the accusation, and to acquit him of the rest. The cases of *Stewart* v. *The*

VOL. VII.—30

Saturday,
July 27.

May Term, 1844.

*State of Ohio,* 5 Hamm. 241, and *The State* v. *Stedman,* 7 Porter, 495, are in point.

*Per Curiam.*—The judgment setting aside part of the verdict, and discharging the defendant, is reversed with costs. Cause remanded with instructions to render judgment on the verdict.

*H. O'Neal,* for the state.

*J. G. Marshall,* for the defendant.