May Term, 1856.

THE STATE
v.
WILSON.

---

## THE STATE *v.* WILSON.

Indictment, since the R. S. 1852 took effect, for an assault and battery with intent to commit murder. The indictment did not charge that the offence had been committed wilfully, feloniously and of malice aforethought, according to the common law precedents. *Held*, that the indictment was properly quashed.

The forms prescribed for use in criminal actions by the R. S. 1852, are not law; the title of the act in which they are embraced not expressing the subject matter of those forms as required by the constitution.

*Saturday,
May 31.*

APPEAL from the *Wayne* Circuit Court.

*Per Curiam.*—Indictment for an assault and battery, with intent to murder.

It did not, according to the common law form, charge the assault, &c., to have been made wilfully, feloniously, and of malice aforethought, and was quashed in the Circuit Court.

It is claimed that the indictment is good, according to the forms prescribed by the 2 R. S. 356; but those forms are not law.

They form a part of an act entitled "an act supplemental to an act entitled 'an act to revise, simplify and abridge the rules of practice, pleadings and forms in civil cases in the Courts of this state.'" And,

1. Perhaps there is no act entitled "an act to revise, simplify and abridge the rules of practice, pleadings and forms in civil cases in the Courts of this state." See 2 R. S., p. 27. At all events,

2. The title of the act of which the criminal forms con-
stitute a part, does not express the subject of those forms,
as is required by the constitution.

The judgment is affirmed.

*E. B. Martindale*, for the state.