FOLEY
v.
THE STATE.

In criminal cases, no appeal lies except from a final judgment.

*Wednesday,*
*July 8.*

---

FOLEY *v.* THE STATE.

9b 363
140 301

Indictment for assault and battery with intent to murder. The jury were instructed that, if the evidence justified it, they might acquit the defendant of the intent to murder, and find him guilty of an assault and battery. *Held*, that the instruction was correct.

The Court of Common Pleas has original, but not exclusive jurisdiction of all misdemeanors, except those of which justices of the peace have exclusive jurisdiction.

The latter clause of section 14 of the grand jury act (2 R. S. pp. 387, 388) conflicts with art. 4, sect. 19, of the constitution, and is therefore void.

There is no statute which, in terms, deprives the Circuit Court of jurisdiction of misdemeanors.

May Term,          APPEAL from the *Marion* Circuit Court.
1857.              GOOKINS, J.—The appellant was indicted for an assault
FOLEY          and battery with intent to murder; was tried by a jury, and
v.             convicted of an assault and battery, without the intent, and
THE STATE
               fined 75 dollars; a new trial was refused, and judgment
*Wednesday,*       rendered on the verdict.
*July 8.*

On the trial, the Circuit Court instructed the jury that, if the evidence justified it, they might acquit the defendant of the intent to murder, and find him guilty of an assault and battery. This charge was excepted to, and the giving of it is now assigned for error.

In the case of *The State* v. *Kennedy*, 7 Blackf. 233, it was held that upon an indictment for an assault and battery with intent to murder, the defendant might be found guilty of a simple assault and battery. A contrary rule seems to have been recognized in *Wright* v. *The State*, 5 Ind. R. 527; but neither of those cases arose under the present code.

It is insisted by the appellant that the Court of Common Pleas has exclusive jurisdiction of misdemeanors, and that, as assault and battery is an offense of that grade, it cannot be punished by indictment in the Circuit Court. We find nothing in the statute to sustain this position. The act organizing Circuit Courts (2 R. S. p. 6, s. 5) gives original and exclusive jurisdiction of all felonies to the Circuit Court. The Common Pleas act (*Id.* p. 18, s. 14) gives that Court original, but not exclusive, jurisdiction of all misdemeanors, except those of which justices of the peace have exclusive jurisdiction. In the Circuit Court, accusations are by indictment. In the Common Pleas, they are by affidavit and information. There is nothing in these provisions of the statute to prevent the Circuit Court taking jurisdiction of misdemeanors, if there were any way of presenting them to that Court for trial.

"An act to limit the number of grand jurors, and to point out the mode of their selection, defining their jurisdiction, and repealing all laws inconsistent therewith," 2 R. S. pp. 387, 388, contains the following:

"SEC. 14. The grand jury shall have cognizance of fel-

onies only; but on an indictment for an assault, or an assault and battery with an intent to commit a felony, the defendant may be convicted of a lesser offense."

It is objected that so much of this section as provides for the punishment of the lesser offense, under an indictment for a felony, is in conflict with art. 4, s. 19, of the constitution, which provides that "every act shall embrace but one subject, and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title." To me, it appears that the jurisdiction of the grand jury is an important, if not the *most* important, subject of this act. If this section is void, I am not aware of any statute which, in general, limits their jurisdiction to felonies. But a majority of the Court think this section unconstitutional and void. Consequently, it does not sustain the conviction.

Two other sections of the code, found on page 370, are as follows:

"SEC. 72. Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offense.

"SEC. 73. In all other cases the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment."

We think this statute applies to the case. Nothing is more apparent than that an assault and battery is included within an assault and battery with intent to murder. We have already seen that there is no statute which, in terms, takes away the jurisdiction of the Circuit Court over misdemeanors. The direction to the jury was therefore right, and the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*T. D. Walpole* and *R. L. Walpole*, for the appellant.

*J. W. Gordon* and *P. S. Kenedy*, for the state.