Nov. Term, 1857.

GILLESPIE v. THE STATE.

formation of a partnership, and the publication of the same, is, in itself, notice to all the world of the existence of the partnership, when the names appear in the style of the firm, and no further notice than this is requisite. In *Carter* v. *Whalley*, 1 B. and Adol. 11, LITTLEDALE, J., says: "Now, where all the names in a firm appear, it may be presumed that every one knows who the partners are." See, also, the opinion of PARKE, J., in the same case. In Gow on Partn. (3 Am. ed. p. 248), it is said, "It has, therefore, been held that a firm may be bound after the dissolution of a partnership, by a contract made by one partner in the name of the firm, with a person who contracted on the faith of the partnership, and had not notice of the dissolution. And the principle upon which the responsibility of the retiring partner proceeds, being his negligent conduct in forbearing to give notice, and the consequent ignorance of the world of the fact of a dissolution having taken place, he will be liable for the engagements of the other partners, entered into in the name of the firm, even with a party whose dealings began subsequently to the dissolution of the partnership." See the various cases there referred to. Lord MANSFIELD said: "If partners dissolve their partnership, they who deal with either without notice of such dissolution, have a right against both." Cowp. 445. And in the case of *Le Roy* v. *Johnson*, it is said; "We admit that if one of the partners contracted in the name of his firm, with a third person, after the partnership is dissolved, but that fact not made public or known by such third person, the law considers the contract as being made with the firm, and upon their credit, and this for a reason too obvious to require explanation." 2 Pet. 199. In *Carter* v. *Whalley*, 1 Barn. and Adolph. p. 11, (which is a case most favorable to the appellee) it is said by Judge LITTLEDALE that where all the names in a firm appear, it may be presumed that every one knows who the partners are; but where there is only a nominal firm, as in that case, the fact of such knowledge must be ascertained by express proof. The case of *Parkin* v. *Carruthers*, 3 Esp. N. P. C. 248, is in point. That was a case where the question was doubtless very ably discussed, and in which the retiring partner was held liable to one who had not had prior dealings with the firm, and where the Court laid stress on the fact that the names of all the partners appeared in the style of the firm. In the case at bar, it will be observed that the name of *Durham* appears in the style of the firm, as well as that of *Anderson*. See the point discussed in 3 Kent's Comm., side p. 66, and notes. He says, among other things, that "the weight of authority seems to be that notice in one of the usual advertising gazettes of the place where the business was carried on, and publication in a fair and usual manner, is of itself notice of the fact as to all persons who have not been previous dealers with the partnership." See, also, 2 McLean, 458.

---

GILLESPIE v. THE STATE.

Where the evidence is not in the record, or where a motion in arrest of judgment has been made, the refusal of a new trial will not be noticed.

9 380
137 561

9 380
140 301
141 121

9 380
156 448

9 380
157 326

9 380
165 196

9 380
170 540

At common law, a defendant indicted for a felony, could not be convicted of a misdemeanor.

*The State* v. *Kennedy*, 7 Blackf. 233, overruled.

That part of section 14, 2 R. S. p. 388, which provides that on an indictment for felony, the defendant may be convicted of a lesser offense, is void for inconsistency with its title.

An assault and battery is not any of the degrees of murder, nor of an assault, &c., with intent to murder.

On an indictment for felony, the defendant may be convicted of a misdemeanor the commission of which is necessarily included in the offense charged.

An assault and battery is necessarily included in an assault, &c., with intent to murder.

The last clause of section 72, 2 R. S. p. 370, so far as it was intended to apply to murder in any of its degrees, or to manslaughter, is absurd and inoperative.

Where a statutory provision might as properly appear under any one of many titles, as under that where it is found, the doubt as to its proper place must fall in favor of the action of the legislature in placing it where it is.

*Nov. Term,*
**1857.**

**GILLESPIE**
*v.*
**THE STATE.**

APPEAL from the *Howard* Circuit Court.

*Monday,*
*November* 23.

STUART, J.—At the *November* term, 1856, *Gillespie* was indicted in the *Howard* Circuit Court for an assault and battery on one *Hurley*, with intent to murder. At the *May* term, 1857, there was a jury trial, and a verdict finding the defendant guilty of a simple assault and battery; but not guilty of the intent to murder. Fine, 75 dollars, and six months' confinement in the county jail.

Several motions in arrest, and to discharge the prisoner, &c., were made and overruled, and the ruling excepted to. *Gillespie* appeals.

The errors assigned are—

1. The Court erred in overruling the motion in arrest.

2. In refusing a new trial.

3. In entering judgment on the verdict of the jury by a Court having no jurisdiction of the case.

4. In overruling the motion to discharge the prisoner.

*First.* The indictment is good, and cannot be reached by the motion in arrest. 2 R. S. p. 380. *Dillon* v. *The State*, at the present term (1).

*Secondly.* The motion for a new trial cannot be noticed, because the evidence is not in the record, and because it is superseded by the motion in arrest. *Bepley* v. *The State*, 4 Ind. R. 264.

*Thirdly.* The third and fourth errors assigned require more consideration.

At common law, the misdemeanor of which he was convicted, would have been merged in the felony with which he was charged. Thus, CHITTY says, "a defendant cannot be found guilty of a misdemeanor on an indictment for felony." 1 Cr. Law, 521. The same author elsewhere lays down the rule thus: "If the jury find the facts, and they amount only to a misdemeanor, no judgment can be given against the defendant upon such indictment. So if two defendants are indicted for burglary, and it prove to be felony in one, and trespass in the other, the latter is entitled to an acquittal. 1 Chit. Cr. L. 207.

In *The State* v. *Kennedy*, 7 Blackf. 233, a contrary doctrine is held. But it cannot be followed as authority. For it is admitted that the common law is as above stated, and that it was changed in this behalf in *England* by statute (2). We have adopted the common law prior to 4 James I., but not the recent *English* statutes. Unless changed, therefore, by statute in this state, the common-law rule must still be regarded as in force. *Wright* v. *The State*, 5 Ind. R. 527.—7 *id.* 224. Courts have no more power to set aside the common law where it applies, than they have to set aside a statute, which they might deem inexpedient. That belongs to the legislative department.

At common law, therefore, the verdict was equivalent to an acquittal. So it was held in *Wright* v. *The State, supra*, under the statute of 1843.

But now it is otherwise regulated by statute in this state, also. Thus, "the grand jury shall have cognizance of felonies only; but on an indictment for an assault, or an assault and battery, with intent to commit a felony, the defendant may be convicted of a lesser offense. 2 R. S. p. 388, s. 14. The lesser offense here spoken of, must, of course, be a misdemeanor. For in the previous section, it is provided that crimes punishable with death or in the penitentiary, are denominated felonies; all other offenses, misdemeanors. *Id.* s. 13. Here, then, is an explicit provi-

sion that a party indicted for a felony may be convicted for a misdemeanor.

But classification, or rather codification, is not the distinguishing feature of the revision. Nor could it be expected, where the commissioners and various committees of the legislature were simultaneously at work on the same subjects, or on those intimately connected and running into each other.

Accordingly the foregoing provisions were placed in a bill prepared by the legislature. At the same time, the revisors proper placed in the code of procedure in criminal cases a somewhat similar provision, which will be presently noticed.

The sections above quoted are found in an act with this title: "An act to limit the number of grand jurors, and to point out the mode of their selection; defining their jurisdiction, and repealing all laws inconsistent therewith." 2 R. S. p. 387.

Are so much of the sections quoted, providing that on an indictment for felony the defendant may be convicted of a lesser offense, embraced in the title, or do they contain matter properly connected with the subject embraced in the title? We think not. The constitutional provision (sec. 19, Art. 4,) is familiar to all, and need not be quoted. It would seem to be trifling with that instrument to say that it is only directory to the legislature. If it is not imperative, it is nothing.

So far from having any connection with the duties of the grand jury, or any matter expressed in the title, these sections relate to the trial before the traverse jury, and the grade of offense which the contingencies of proof may establish there. Under the nineteenth section of article 4 of the constitution, *supra*, and the exposition which we have heretofore, with great consideration, placed upon it, the sections quoted not being embraced in the title, nor properly connected with the subject of the act, are void. *Greencastle Township* v. *Black*, 5 Ind. R. 573.—*Indiana Central Railway Co.* v. *Potts*, 7 Ind. R. 681 (3).

It but remains to examine the sections on that subject

placed in the code of criminal pleading and practice by the revisors. These sections provide that, "upon an indict-ment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto; or of an attempt to commit the offense. 2 R. S. p. 370, s. 72. But a simple assault and battery is not any of the degrees of murder, nor of the assault, &c., with intent to commit such crime. It is simply a misdemeanor, as elsewhere defined by the statute. *Id.* p. 388, s. 13. This section leaves the question precisely as it stood at common law. 1 Chitty Cr. L. *supra.* And the statute gives the grand jury in affirmative terms, but implying a negative on anything further, "cognizance of felonies only." Section 14, *supra.*

But the revisors made a further provision, which must be construed together with the other provisions relating to the same subject. Thus—"In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment." 2 R. S. p. 370, s. 73.

There is no constitutional objection to the act in which this provision is found. The seventy-third section must, therefore, be taken in connection with the acts defining the jurisdiction of the Courts. Thus the Circuit Court has original, exclusive jurisdiction of felonies. 2 R. S. p. 6, s. 5. But the Common Pleas has not exclusive, though it has original, jurisdiction of misdemeanors. 2 R. S. p. 18, s. 14. So that the section in question does not conflict with the jurisdiction conferred on these Courts, respectively. The construction here given is in accordance with the views of all the judges in the case of *Spencer* v. *The State*, 5 Ind. R. 41.

We are, therefore, of opinion that this section embraces the case at bar. The defendant is charged with an assault and battery with intent to murder. The jury negative the intent, but find the fact of the assault and battery. An assault and battery is a necessary ingredient in the crime charged. The intent is the only addition. The two together constitute the offense. Hence, as an assault and

battery is necessarily included in the assault and battery
with intent to murder, it would seem that the conviction
is within both the language and the spirit of the act.

And this is the more conclusive, as by the following
section, counts for murder in the first and second degrees,
and for manslaughter, may be joined in the same indict-
ment (*Id.* s. 74); thus limiting the scope of the preceding
sections, in the case of these higher offenses. The seventy-
second and seventy-fourth sections are, in substance, the
same. And the proper construction would seem to be that
on an indictment for murder or manslaughter, the defend-
ant may be convicted of any degree of these crimes.

The last clause of section 72, so far as it was intended
to apply to murder in any of its degrees, or to manslaugh-
ter, is simply absurd and inoperative. For it is too ob-
vious that there can be no such charge or conviction, as
that of assault with intent to commit murder, where the
homicide has actually been accomplished. Every homi-
cide must be some degree of murder, or it is manslaughter,
or it is nothing.

But a charge of assault with intent to commit murder,
or a conviction to that effect, implies that the deed was
not done—that there was no homicide. Hence the seventy-
third section provides that the defendant may be convicted
of any other offense necessarily included in such an as-
sault.

We do not discover any constitutional objection to the
title under which this provision is found, which does not
equally pertain more or less to the whole body of the revi-
sion. In the very nature of things, no subdivision can be
more than an approximation to the constitutional require-
ment. The whole body of the law, and the several parts,
are, in some measure, related to, and run into, each other.
Such are the relations of many subordinate provisions—
for example the one now before us—that they might, per-
haps, appropriately appear under any one of several titles.
Where it is thus doubtful whether the seventy-third sec-
tion should not have more properly appeared under some
other title, the doubt must fall in favor of the action of

the assembly in placing it where it is. This seventy-third section is very clearly distinguished as to title, from the similar provision found in the grand jury act. There, under a title relating solely to the grand jury, is found a provision belonging to the powers and duties of traverse juries. That provision had no necessary, or even obvious, connection with the duties of the grand jury. It might not be called into action for months after that body had been discharged. Hence, it was clear that it was neither embraced in the title, nor necessarily connected with the subject-matter.

On the other hand, the seventy-third section, *supra*, and many such provisions, lying all along the boundaries of this or that class of subjects, partly in one, and partly in the other, will always baffle the most astute classification. In such cases, the safest rule for the Courts is, to leave it under the title adopted by the legislature.

*Per Curiam.*—The judgment is affirmed with costs.

*C. D. Murray* and *H. A. Brouse*, for the appellant.

(1) This volume, *post*.

(2) The following is Judge BLACKFORD's language: "In *England*, it is true, the defendant could not, previously to a recent statute, have been found guilty of a misdemeanor on an indictment for felony, because if he could have been thus found guilty, he would have lost several privileges which, on an indictment for the misdemeanor, the law gave him. 1 Chitt. C. L. 639.—*Rex* v. *Westbeer*, 2 Strange, 1133. But this reason for taking such case out of the general rule to which we have referred, does not exist in this state,—there being here no privilege to which the defendant is entitled when charged with a misdemeanor, which he may not claim when *indicted* for a felony; and *cessante ratione legis cessat ipsa 'lex*." *Stewart* v. *The State*, 5 Hamm. 241, and *The State* v. *Stedman*, 7 Porter (Ala.) 495, are cited as being in point.

(3) See *Foley* v. *The State*, *ante*, 363.