ANDREW P. SETTLE, Respondent, *v.* JAMES R. VAN EVREA, Appellant.

Where the terms of a written constitution are clear and unambiguous, and have a well understood meaning and application, effect must be given to the intent of its framers as indicated by the language employed. The operation and effect of the instrument will not be extended by construction beyond the fair scope of the terms employed, merely because the more restricted and literal interpretation might be inconvenient or impolitic, or because a case may be supposed to be to some extent within the reasons which led to the introduction of some particular provision, plain and precise in its terms.

A commissioner of appeals is not a judge of the Court of Appeals, and is not prohibited by section 21 of article 6 of the State Constitution from acting as referee.

(Argued April 23d, 1872 ; decided April 30th, 1872.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, affirming an order of Special Term denying a motion to vacate an order of reference.

An order was entered by stipulation referring this action to Hon. ROBERT EARL to hear and determine. A motion was made on behalf of defendant to vacate the order upon the ground that the referee being a commissioner of appeals could not act, which motion was denied.

*Samuel Hand* for the appellant. In construing a constitution, the intent of the framers must be sought for, and

when discovered is to prevail over the literal meaning of the words. (*People ex rel. Jackson* v. *Potter*, Ct. of Appeals, Jan., 1872.)

*D. S. Morrel* for the respondent. The language of section 21, article 6 of the Constitution is clear and precise, and does not include commissioners of appeals. (Smith's Com., 6_7.)

ALLEN, J. A fundamental rule, in the interpretation of written laws or instruments of any kind, is to construe them according to the sense of the terms and the intention of the framers of the laws or parties to the instruments. That intention is first to be sought from the words employed, and if the language is unambiguous, the words plain and clear, conveying a distinct idea, there is no occasion to resort to other means of interpretation. Effect must be given to the intent as indicated by the language employed. Especially should this be so in the interpretation of a written Constitution, an instrument framed deliberately and with care, and adopted by the people as the organic law of the State.

If to meet exigencies and to prevent mischiefs it is allowable, sometimes, to depart from the strict letter of a law and imply an intent not clearly expressed in the construction of ordinary statutes, which may be framed in haste and with none of the formalities that attend the preparation and adoption of a State Constitution, it would be dangerous in the extreme to extend the operation and effect of a written Constitution by construction beyond the fair scope of its terms, merely because a restricted and more literal interpretation might be inconvenient or impolitic, or because a case may be supposed to be, to some extent, within the reasons which led to the introduction of some particular provision plain and precise in its terms.

That would be *pro tanto* to establish a new Constitution and do for the people what they have not done for themselves. The terms of the instrument being clear and free from doubt, and having a well understood meaning and application, the

better way is to stand upon the maxim *ita lex scripta est*, and leave any supposed defect or omission to be remedied by the people or by legislation.

The question whether commissioners of appeals should be subject to all the provisions affecting judges of the Court of Appeals, and of other courts, is one of policy, or, perhaps, convenience, and does not involve any principle or interfere with the general scheme of the judiciary article.

Full effect can be given to every part and provision, according to its terms, by adhering to the ordinary rules of interpretation, and restricting the operation of the section prohibiting certain judicial officers from acting as referees to the judges and justices expressly named. The whole judiciary article (art. 6) is framed with care, and its authors closely and clearly discriminated between the different courts and classes of judicial officers referred to in it. The Court of Appeals is constituted by section two, and is made to consist of a chief judge and six associate judges. These are the judges of the Court of Appeals, and the only judges of that court. By section four, all causes pending in the then existing Court of Appeals were, upon the organization of the present court, vested in it, and the former court ceased to exist. There was and is but one Court of Appeals, but the causes which were pending in the former court on a day named were ordained to be heard " by a Commission of Appeals," to be composed of " five Commissioners of Appeals," with power in the Court of Appeals to order any of such causes to be heard in that court.

The existence of the commission was limited to three years. It was a tribunal created for a temporary purpose and was not a part of the permanent judicial organization, and the members were not a part of the permanent judicial force of the State. Hence they were not necessarily included in many of the important provisions of the Constitution affecting the judicial system then organized, and the judges of the permanent courts then established.

The tribunal is called a " commission of appeals," and the

members of it "commissioners of appeals," or "commissioners," whenever any reference is made to it or them. Subsequent sections (§§ 6, 7) provide for a Supreme Court, to be composed of "the justices now in office" and for the organization of the general terms of that court.

Section 8 declares that no "judge or justice shall sit at a general term or in the Court of Appeals" in review of his own decision. The terms used in designating the officials and the courts are strictly applicable to the Court of Appeals and Supreme Court, and to them only, and do not describe the commission or the commissioners of appeals.

Section 10 prohibits the judges of the Court of Appeals and the "justices of the Supreme Court" from holding any other office. The convention used the same words before used in the creation of the offices referred to, properly designating the one as "judges" and the other as "justices" of the respective courts, but neither title is equivalent to or synonymous with "commissioner," and cannot without resorting to an undue latitude of interpretation be held to indicate any other judicial officer than those expresssly named.

It would be to disfranchise by implication. "Judges of the Court of Appeals and justices of the Supreme Court," may be removed by concurrent resolutions of the legislature. Other "judicial officers," which includes "commissioners of appeals," may be removed by a different process. (§ 11.)

Commissioners of appeals are judicial officers, and doubtless judges in the ordinary sense of that term, but they are not named as judges in the Constitution, and are not judges of the Court of Appeals or justices of the Supreme Court.

The salaries of the "judges and justices," mentioned in the sections preceding the 14th, are regulated by that section, and their diminution during their term of office prohibited.

The compensation of commissioners of appeals was left to the discretion of the legislature. A permanent provision was not necessary.

The section under which the question before us arose is

the 21st, which prohibits "judicial officers," except justices of the peace, from receiving to their own use any fees or perquisites of office. The term includes judges and justices of all courts and all persons exercising judicial powers in virtue of their office. The same section, however, where · it imposes other restrictions, limits it to certain judges and justices particularly specified, and while a "judge of the Court of Appeals" is prohibited from acting as referee, a commissioner of appeals is not named.

It is not enough that a commissioner of appeals exercises the same functions as a judge of the Court of Appeals, to the extent of the jurisdiction conferred; he is not an incumbent of the office created by the Constitution under that name.

The inference is that the framers of the Constitution have used the same title to designate the same officer in every part of the instrument.

Courts might conjecture that the same policy which prohibited a judge in a city court in Brooklyn or Buffalo, from acting as referee or counsel, would extend the prohibition to the county judge of Kings, Erie or Albany, and other judicial officers, but it would not be allowable to extend it by implication, upon the ground that they were within the spirit and reason of the provision.

In *People* v. *Jackson*, recently decided by this court, literal effect was not given to the words of a particular clause, because an interpretation thus restricted would not have been in harmony with other parts of the same section and other parts of the Constitution relating to the same subject, and all read together constituting and being in fact a part of an entire system for the perpetuation of the Supreme Court and the election and appointment of justices of that court. The construction there given to and the limitation put upon the operation of the last clause of § 9 of art. 6 of the Constitution did no violence to language, gave full effect to every part of the instrument relating to the same subject-matter and to the plainly declared intent of its framers, and was in the spirit of a principal canon for the interpretation of written instru-

ments, that every part should be read together, and, when possible, consistently with the language employed, such interpretation given to each clause as will make every other clause and part operative and effective.

There is no occasion for the application of this rule of construction in this case. Section 21 of art. 6 is complete in itself, and is independent of every other part of the Constitution.

The prohibition is simple and direct, contained in a single paragraph, the terms of which are apposite, conveying a distinct and definite idea, and if they are extended it can only be done by conjecture as to the possible intent of the framers of the clause, and upon a theory as to some policy supposed to be shadowed forth. The effect of the prohibition cannot be enlarged by conjecture or implication. If it should be attempted to include judicial officers other than those named, for the reason that they are within the spirit and policy of the prohibition, it would be difficult to draw the line and say which should be included and which excluded, and the interpretation and operation of the Constitution would depend much on judicial discretion.

The decision of the court below is well sustained by the opinion of Judge JACKSON at Special Term. With the question suggested as to the propriety of commissioners of appeals acting as referees, we have no concern.

The order must be affirmed.

All concur.

Judgment affirmed.