Woods, J.
The demurrer of the appellees was sustained ~bo the complaint, and judgment rendered accordingly. The defendant, the City of Terre Haute, alone was served with process from the court below, and the only question urged ■upon our attention is, whether the complaint. shows a good ■cause of action against said city. The purpose of the action was to charge the city and other defendants for labor done in the construction of the railroad of the Cincinnati and 'Terre Haute Eailway Company, of which the defendants were the stockholders at the time the labor was done. We -find it unnecessary to set out a copy of the complaint, or to give special consideration to its allegations, as no defect is ■claimed which could be supplied by an amendment. The whole contention of the counsel on either side is upon the ■question, whether a municipal corporation, organized under the general laws of the State for the incorporation and gov-ernment of cities, is bound by the same liability which, under the 38th section of the “Act to provide for the incorporation of railroad companies,” approved May 11th, 1852, attaches to an ordinary stockholder in such company. The *298 city made her alleged subscription of stock in September,. 1871. The section of the law referred to is as follows :
“Sec. 38. The stockholders shall be individually liable to-laborers, their executors, administrators and assigns, for all labor done in the construction of said road, that shall remain unpaid after the assets of the corporation shall have been exhausted.” 1 R. S. 1876, p. 712.
By an act approved May 4th, 1869, it was enacted, “That any city, incorporated under the general law of this State, upon petition of a majority of the resident freeholders of' such city, may hereafter subscribe to the stock of any railroad, hydraulic company, or water power, running into or through such city, or near the corporate limits of said city, * * '* * subject, however, to the limitations, direction and restriction named in the provisos to the sixtieth section of the act entitled ‘An act to repeal all general laws now in force for the incorporation of cities, prescribing their powers and rights,’ ” etc, approved March 14th, 1867. The provisos referred to contain nothing pertinent to our present inquiry. 1 R. S. 1876, p. 299.
These provisions of the law seem to be so plain and direct to the point as to leave little room for debate upon the-question presented for decision. The counsel for the appellee has favored us with an elaborate brief, wherein he argues that the city defendant is not subject to the individual liability which is imposed on the individual stockholder. The argument turns entirely upon the following propositions, advanced by the counsel, namely:
“1st. That the liability of municipal corporations must appear in their charter, that being the instrument from which their power to become stockholders is derived; if no liability is authorized to be incurred or created by the charter, then none exists.
“2d. That the section of the railroad act above set out is-unconstitutional, because the subject-matter thereof is not. *299 expressed in the title of the act, nor does it relate to a subject properly connected therewith.”
We do not question the accuracy of the first proposition, but its application leads us to a conclusion directly the opposite of that for which the appellees contend. By the act of May 4th, 1869, the Legislature made an express grant to the defendant of the power to become a stockholder in a railroad company. So far as in their nature they could be exercised or enjoyed, it is clear that the rights and privileges of an ordinary stockholder belonged to the city when it became a stockholder as alleged; and it seems to be equally clear that, in conferring the power to acquire the rights and benefits, the Legislature must have intended to impose the attendant burdens. Indeed, the right conferred has no legal existence or definition apart, from the duties and obligations expressly connected therewith.
It is true, as suggested, that the city could not become the president, director, or other officer or agent of the railroad company, and, it may be, could not be counted as one of the “number of persons, not less than fifteen, being subscribers to the stock of any contemplated railroad,” which the 1st section of the general railroad law requires, in order to form a railroad corporation. But it is plain that these things are not essential to, and inseparable from the fact of, membership in the corporation. They are essentials to the corporate existence, but not to membership therein. The shareholder may or may not be the president or director; but he can not have a shareholder’s common rights, and not be subject to the common liabilities, unless there is in the law some warrant for the exception. The act of December 17th, 1872, “to require railroad companies to issue stock paid for by taxes,” etc., in certain specified cases, contains an express proviso, “that the stock so issued under the provisions of this act, being involuntary in its character, no personal liability shall attach to the original holder thereof *300 for any debt contracted by the railroad company.” A similar proviso should, and doubtless would, have been embodied in the act of May 4th, 1869, if the Legislature had intended a like exemption from liability on the part of such cities as should avail themselves of the powers conferred by that act. In this respect there is some analogy between this case and the case of Gray, Governor, v. The State, ex rel. Coghlen, 72 Ind. 567, wherein the court, in considering the rate of interest which the creditor of the State was entitled to receive on his bond (one of the internal improvement bonds of 1836 ), says : “We see no reason why the State, as a debtor, should be placed in any other or different situation, as to its obligation to pay interest, than that occupied by any private debtor or other public corporation. 1 Dan. Neg. Instr., sec 436; Murray v. Charleston, 96 U. S. 432. In the case last above cited the court said: ‘The truth is, States aná cities, when they borrow money and contract to pay it with interest, are not acting as sovereignties ; they come down to the level of ordinary individuals. Their contracts have the same meaning as that of similar contracts between private persons.’ ”
It has been held that if a sovereign State, which can not be sued without its own consent, has voluntarily rendered itself liable to a private action, and if it has become a stockholder in a private corporation, it has subjected itself to the same liabilities which attach to any private stockholder. Curran v. The State, 15 How. 304; Robinson v. The Bank of Darien, 18 Ga. 65; Thompson Liability of Stockholders, sec. 20; Morse Banks, etc., pp. 516-518; National Bank v. Case, 99 U. S. 628. In the case last cited, the Germania Bank held, as collateral security for money loaned, shares of stock in the Crescent City National Bank, of New Orleans, and,the latter bank having become insolvent, was held subject to the liability of a stockholder, the court, among other things, saying: “There is nothing in the argument on behalf of the appellant that the bank was not authorized to make a. *301 loan with the stock of another bank pledged as collateral security. That is an ordinary mode of loaning, and there is. nothing in the letter or spirit of the National Banking Act. that prohibits it. But, if there were, the lender could not set up its own violation of law to escape the responsibility resulting from its illegal action.” And much less can the appellee escape the responsibility of having taken stock which, the law expressly authorized it to take.
In support of his proposition that the 38th section of the act for the incorporation of railroad companies is unconstitutional, after quoting section 19, article 4, of the constitution, the counsel for the appellee cites and comments on the following cases: The State v. Young, 47 Ind. 150; The State v. Wilson, 7 Ind. 516, Foley v. The State, 9 Ind. 363; Gillespie v. The State, 9 Ind. 380; Mewherter v. Price, 11 Ind. 199; The State v. Bowers, 14 Ind. 195; Igoe v. The State, 14 Ind. 239; Spaugh v. Puffer, 14 Ind. 305; Grubbs v. The State, 24 Ind. 295; The Town of Fishkill v. Fishkill, etc., P. R. Co., 22 Barb. 634; The People v. Allen, 42 N. Y. 404; The People v Hills, 35 N. Y. 449; The People v. O’Brien, 38 N. Y. 193; The City of San Antonio v. Gould, 34 Tex. 49; Prothro v. Orr, 12 Ga. 36 ; Cutlip v. Sheriff of Calhoun County, 3 W. Va. 588; The People v. Commissioners, etc., 53 Barb. 70; Gaskin v. Anderson, 7 Abb. Pr. (N. S.) 1; Gaskin v. Meek, 8 Abb. Pr. (N. S.) 312; Settle v. Van Evrea, 49 N. Y. 280.
Without taking the time to make'a statement of the scope and bearing of these cases, as we should hardly be justified in extending our opinion to the length necessary for that purpose, we content ourselves with saying that they do not require us to accept, nor would they justify us. in adopting, the conclusion for which counsel contends. The constitutional provision is, that “Every act shall embrace but one-subject and matters properly connected therewith ; which subject shall be expressed in the title. But if any subject. *302 ■shall be embraced in an act, which shall not be expressed in the title, such act. shall be void only as to so much thereof as shall not be expressed in the title.” 1 R. S. 1876, p. 30. The title of the act in question is, “An act to provide for the incorporation of railroad companies.” The incorporation of railroad companies is the “one subject” of this act, .and we entertain no doubt that it was “matter properly connected therewith’ ’ to provide for the individual liability of the stockholders in such companies as should be organized under the law. It is only the “one subject” which must be expressed in the title.
We hold, therefore, that the complaint is good as against ■the objections which have been brought to our attention, and consequently that the circuit court erred in sustaining the demurrer thereto.
The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the complaint.
Petition for a rehearing overruled.