THE PEOPLE, ex rel. SMITH LENT, Respondent, *v.* JOSEPH B. CARR, Secretary of State, Appellant.

The provision of the State Constitution (Art. 6, § 13), declaring that " no person shall hold the office of justice or judge of any court longer than until and including the last day of December next after he shall be seventy years of age," does not apply to a person holding the office of surrogate ; such office is not that of "justice or judge," within the meaning of said provision.

(Argued October 13, 1885 ; decided October 27, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made September 16, 1885, which affirmed an order of Special Term directing a peremptory writ of *mandamus* to issue to defendant, requiring him to give notice of the election of a surrogate in and for the county of Westchester, at the then next general election.

The application for the writ was made upon the ground that the incumbent, who was elected in November, 1882, for a term of six years, became seventy years of age in July, 1885, and that in consequence thereof, and by virtue of section 13 of article 6 of the State Constitution, his term would expire on December 31, 1885.

*C. F. Tabor*, and *Calvin Frost* for appellant. The limitation of age fixed by section 13 of article 6 of the Constitution

was unknown and contrary to the common law. "If, there-
fore, the words used be susceptible of two senses, one agree-
able to, the other against law, the former sense shall be
adopted." (Chit. on Cont. 80; Coke Lit. 42; 2 Bl. Com.
380; *Archibald* v. *Thomas*, 3 Cow. 284; *Chase* v. *Lord*,
77 N. Y. 1; *McManus* v. *Gavin*, id. 36; Dwarris on Stat.
695, 706.) Rarely and with doubtful propriety courts, in
construing a statute, in order to ascertain the intention of the
obscure provision, have been known to resort to the journals
to see what was said on its passage. (Sedgw. on Const. of
Stat. [2d ed.] 19, 204n, 205; 7 Penn. St. 144; 26 id. 446.)
The people were the enacting body, and their intention we
can only discover by applying the usual and well-established
rules of construction. (*People* v. *Dayton*, 55 N. Y. 386;
5 Proc. & Deb. 3777, 3916, 3918; Sedgw. 325.) Every
obscure and doubtful passage is to be explained according to
the intention of the parties. (Smith's Com. 626.) The mean-
ing of a word may be known by reference to the neighbor-
ing words. (Smith's Com. 656.) The words "judge or
justice" are to be taken in their ordinary and familiar signifi-
cation and import. (Smith's Com. 661.) Sedgw. on Const.
219; *Newall* v. *People*, 3 Seld. 97.) An intent to change an
existing law should clearly appear. (*Lee* v. *Forman*, 3 Metc.
[Ky.] 114; Sedgw. on Const. 246; Sieber's rules in note.)
The surrogate does not hold the office of judge or justice of
any court. He holds the office of surrogate. (*Tonnele* v. *Hall*,
4 Comst. 140; 2 Bl. Com. 87; *Settle* v. *Van Evrea*, 49 N. Y.
280; *People* v. *Mann*, 97 id. 535; *Brick's Estate*, 15 Abb.
Pr. 12; Dayton's Surr. [3d ed.] 65.) Words used in statutes and
constitutions should be understood according to their popular
significance and common usage, and especially should this
rule be applied to the language used in constitutional provis-
ions of which the people are the enacting power. (*Wenzler*
v. *People*, 58 N. Y. 520; *Gibbons* v. *Ogden*, 9 Wheat. 188;
*Webster* v. *Cooper*, 14 How. [U. S.] 504.) This is so unless
there is something in the context or the purpose of the act,
showing that they were to be used in a technical or unusual

sense. (*Commonwealth* v. *Dallas*, 4 Dall. 218; *People* v. *Goodwin*, 50 Barb. 562, *Millard* v. *Lawrence*, 16 How. [U. S.] 251; Smith's Com. on Const., § 481; Potter's Dwarris on Stat. and Const. 143.)   In construing the Constitution no resort can be had to the debates in the constitutional convention, because not it but the people were the enacting body. (*Wenzler* v. *People*, 58 N. Y. 524.)   Legislative acts, by Congress and State legislatures, are entitled to high consideration by the courts in the construction of Constitutions both Federal and State—especially when such legislation is contemporaneous, or nearly so, with the making and adoption of the Constitution. (*Cohens* v. *Virginia*, 6 Wheat. 420; *People* v. *Green*, 2 Wend. 274; *People* v. *Brundage*, 78 N. Y. 403; *People* v. *Comstock*, id. 360.)

*M. L. Cobb* for respondent.   A surrogate, whose duties are mainly judicial in their character, is a " judge of a court," within the meaning of section 13 of article 6 of the Constitution of the State. (*People* v. *Brundage*, 78 N. Y. 403; *People* v. *Gardner*, 45 id. 812.)   The application of the restrictive clause does not depend upon the official name or designation of the officer, but upon the nature or character of the duties he is to perform. (*People* v. *Mann*, 97 N. Y. 536.)

RAPALLO, J.   The question to be determined on this appeal is, whether the provision contained in section 13 of article 6 of the Constitution, to the effect that " no person shall hold the office of judge or justice of any court longer than until and including the last day of December next after he shall be seventy years of age," applies to persons holding the office of surrogate.

The important judicial functions exercised by surrogates may afford reason for applying to them a disqualification by age, similar to that prescribed with respect to judges and justices of courts referred to in the Constitution.   But the question before us is not, whether the disqualification should have been extended to those officers, or whether it should be deemed by

1885.]     PEOPLE, ex rel. LENT, v. CARR.     239

Opinion of the Court, per RAPALLO, J.

analogy to apply to them, but whether by the terms of the Con-
stitution they are included in it under the designation of per-
sons holding the office of "judge or justice of any court."

For the purpose of determining this question, it is necessary
in the first place to consider the context in which the language
quoted is used in section 13 of article 6, and also other provis-
ions of article 6 of the Constitution, the whole of that article
having been adopted by the vote of the people at the same
time, in 1869, as a separate article known as the judiciary
article. Section 2 of article 6 establishes a Court of Appeals,
to be composed of a chief judge and six associate *judges*, to
be elected, and to hold office for the term of fourteen years.
Section 6 provides for the continuance of the existing Supreme
Court, to be composed of the *justices* then in office, with an
additional justice to be elected.

Section 12 provides that the Superior Court of the city of
New York shall be composed of six judges, and the Court of
Common Pleas of the same city, of the three judges then in
office and three additional judges; the Superior Court of Buf-
falo, of the judges then in office and their successors, and the
City Court of Brooklyn, of such number of judges, not ex-
ceeding three, as may be provided by law.

Section 13 provides for the election of *justices* of the Su-
preme Court and of *judges* of all the other courts mentioned
in section 12, and declares that the official terms of the *said
justices* and *judges* who shall be elected after the adoption
of the article shall be fourteen years, and then follows imme-
diately, in the same section, the provision, "but no person shall
hold the office of *judge or justice of any court* longer than
until and including the last day of December next after he
shall be seventy years of age." Section 14 next follows, pro-
viding that a compensation shall be established by law for the
services of the *judges* and *justices hereinbefore mentioned*,
which shall not be diminished during their official terms.

It must be observed that up to this point no person has been
designated in the Constitution as a *judge* or *justice of any
court* except the judges of the Court of Appeals, the justices

of the Supreme Court, and the judges of the Superior Court and Court of Common Pleas of the city of New York, of the Superior Court of the city of Buffalo and of the City Court of Brooklyn.

That the limitation as to age was intended to apply to the judges and justices of those courts is too clear to be capable of misapprehension. The only other officers or body having judicial powers, mentioned in the sections of article 6, preceding section 13, are the Commission of Appeals. That high tribunal had power, under section 4, to hear and determine certain of the causes pending in the Court of Appeals, and by section 5, it was provided that the decisions of the Commission should be entered and enforced as the judgments of the Court of Appeals. But the Commission was not designated in the Constitution as a court, nor the commissioners as judges, but as commissioners, and it was therefore assumed that the disqualification of age under section 13 did not apply to them, for it is a matter of history that one venerable commissioner held his office without question for several years after he had passed the age of seventy, and in the case of *Settle* v. *Van Evrea* (49 N. Y. 280), it was decided that section 27 of article 6, which prohibits any judge of the Court of Appeals from acting as referee, did not apply to a commissioner, because he was not a judge of the court.

All the provisions of article 6 of the Constitution bearing upon the question at issue, which precede sections 13 and 14, have now been examined, and we next come to section 15, relating to County Courts. This section continues the existing County Courts and provides that the judges thereof then in office shall hold their offices until the expiration of their respective terms, and that their successors shall be chosen by the electors of the counties for the term of six years. These judges come literally within the words of the Constitution, for they are judges of courts, designated as such by the Constitution. (*People* v. *Gardner*, 45 N. Y. 812; *People, ex rel. Joyce*, v. *Brundage*, 78 id. 403.) No judicial officer, other than those

who have been already named, is in any part of the Constitution designated as a judge or justice of any court.

Justices of the peace are mentioned in section 15, and they exercise judicial powers. Two justices of the peace, together with the county judge, compose Courts of Sessions with such criminal jurisdiction as the legislature shall prescribe, and such justices may also exercise jurisdiction to a limited extent in civil cases, and may hold courts for that purpose. At the same time they exercise other powers. They are in numerous sections of the Constitution designated, not as judges or justices of any court, but as justices of the peace, and are elected under that designation, and on these grounds it was decided in the late case of *People* v. *Mann* (97 N. Y. 532), that they did not come within the disqualification by age contained in section 13 of article 6.

Surrogates are throughout all the provisions of article 6 designated as officers by that name, and not as judges or justices of any court. By section 15 of article 6, it is provided that the county judge shall also be surrogate of his county, but that in counties having a population exceeding forty thousand, the legislature may provide for the election of a separate officer to be surrogate, whose term of office shall be the same as that of the county judge, which is six years. By section 16 the legislature is empowered, on application of the board of supervisors, to provide for the election of local officers, not to exceed two in any county, to discharge the duties of county judge and of surrogate in cases of their inability or of a vacancy. In section 25 surrogates are coupled with justices of the peace and other local judicial officers. Section 27 refers to Surrogates' Courts, and for their relief authorizes the legislature to confer upon courts of record in any county having a population exceeding four hundred thousand, the powers and jurisdiction of surrogates. In no part of the Constitution are surrogates mentioned as judges or justices of any court, and at the time of the adoption of article 6, surrogates' courts were not even courts of record, they having been first declared to be such in the Code of 1880.

Reading the clause of section 13, which imposes the disqualification by reason of age, in connection with all the other provisions referred to, it seems to us more reasonable to suppose that the people who voted for the adoption of article 6, understood the disqualification as applying to persons who in the Constitution itself were in express terms designated as judges or justices of courts, and were popularly known as such and elected by those designations, than to assume that the voters so minutely analyzed the nature of the functions of officers elected under other names, as to discover that some of their duties were of a judicial character, and that, therefore, they might, though not named as such, be construed to be judges. In interpreting constitutions regard must be paid to the popular sense in which words are generally used. (*People* v. *Goodwin*, 50 Barb. 562; *Comm.* v. *Dallas*, 4 Dall. 229; *Gibbons* v. *Ogden*, 9 Wheat. 188; *Settle* v. *Van Evrea*, 49 N. Y. 280.)

The constitutional provision in question is quite clear and intelligible as applicable to persons popularly known as judges or justices of courts, and named as such in the Constitution itself, but we think it would be unwarrantable to extend it by construction to every officer exercising judicial powers, though not commonly known as a judge or justice of a court, but elected by a different title. The legislature of 1870, which immediately followed the adoption by the people of the judiciary article (Art. 6) clearly indicated its understanding of the disqualification in accordance with the views above expressed. The act of 1870 (Chap. 86) was passed for the purpose of carrying into effect the provisions of the judiciary article, and section 8 of that act required all the judges and justices of the courts named in article 6, viz.: the judges of the Court of Appeals, the justices of the Supreme Court, the judges of the Court of Common Pleas and of the Superior Courts of the cities of New York and Buffalo and of the City Court of Brooklyn and judges of County Courts, to file in the office of the secretary of State a certificate of their age, for the purpose undoubtedly of showing whether they would be disqualified by age, from holding their offices before the expiration

of the term for which they were elected. It will be observed that there was no provision requiring surrogates or justices of the peace to file any such certificate, clearly indicating that in the judgment of the legislature the disqualification did not apply to those officers. This legislative action, so closely following the adoption of the constitutional provision, is entitled to great consideration by the court in construing the provision. MARSHALL, Ch. J., in *Cohens* v. *Virginia* (6 Wheat. 420) ; MARCY, J., in *People* v. *Green* (2 Wend. 274) ; CHURCH, Ch. J., in *People* v. *Brundage* (78 N. Y. 403).

Our conclusion is that the office of surrogate of Westchester county will not become vacant on the 31st of December next by reason of the present incumbent, Surrogate Coffin, having attained the age of seventy years in July last, and that the secretary of State was right in refusing to give notice of the election of a successor.

The orders of the Special and General Terms should, therefore, be reversed and the motion for a *mandamus* denied, with costs.

All concur.

Ordered accordingly.