### PEOPLE ex rel. NOBLE v. MITCHEL et al., Board of Estimate and Apportionment.

(Supreme Court, Appellate Division, Second Department. November 12, 1915.)

JUDGES ☞22—COMPENSATION—SURROGATE—"JUDGE"—"JUDGE, INCLUDING EACH JUSTICE OF THE SUPREME COURT."

Under Judiciary Law (Consol. Laws, c. 30) § 26, providing that in the counties of Queens, etc., there shall be allowed to each judge, including each justice of the Supreme Court, for his services in drawing jurors, such compensation as the board of estimate of the city of New York shall deem proper, and in view of General Construction Law (Consol. Laws, c. 22) § 26, derived from Laws 1892, c. 677, § 6, declaring that the term "judge" includes every judicial officer authorized to preside over a court of record, such as the Surrogate's Court is, and section 110 declaring the chapter

applicable to every statute, unless its provisions indicate that a different application was intended, and of the constitutional and statutory provisions denominating a surrogate specially as such, the surrogate of the county of Queens, empowered by Code Civ. Proc. §§ 2538–2540, the last of which gives a surrogate the powers of a justice of the Supreme Court specified in Judiciary Law, §§ 527, 528, and in Code Civ. Proc. §§ 1171–1172, and provides that the jury shall be drawn in the presence of the surrogate, etc., is not within the purview of the words "judge, including each justice of the Supreme Court," so as to entitle him to additional compensation for drawing jurors.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 75–88, 179; Dec. Dig. ☜22.

For other definitions, see Words and Phrases, First and Second Series, Judge.]

Appeal from Special Term, Kings County.

Mandamus by the people on relation of Daniel Noble, against John Purroy Mitchel and others, composing the Board of Estimate and Apportionment of the city of New York. From an order granting the relator's application for a peremptory writ of mandamus, defendants appeal. Reversed, and motion denied.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Terence Farley, of New York City (John Lehman, of New York City, on the brief), for appellants.

George E. Cogswell, of New York City, for respondent.

PER CURIAM. We think that the surrogate of the county of Queens is not within the purview of the words "judge, including each justice of the Supreme Court," in section 26 of the Judiciary Law, and therefore is not entitled to any compensation as therein provided. It is true that section 26 of the General Construction Law provides that the term "judge" includes every judicial officer authorized, alone or with others, to hold or preside over a court of record, and that the Surrogate's Court is now a court of record. But section 110 of the said General Construction Law provides:

"This chapter is applicable to every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required to be given by this chapter."

The source of the said section 26 is noted as former Statutory Construction Law (Laws 1892, c. 677) § 6, originally revised from Code Civ. Proc. § 3343, subd. 3. The said section of the Code, so far as material, provides:

"In construing this act, the following rules must be observed, except where a contrary intent is expressly declared in the provision to be construed, or plainly apparent from the context thereof: * * * (3) The word 'judge' includes a justice, surrogate, recorder, justice of the peace, or other judicial officer, authorized or required to act, or prohibited from acting, in or with respect to the matter or thing, referred to in the provision where the word is used."

Plainly enough, this provision was enacted only for the purposes of construction or of interpretation. Although for the purpose of extending statutory provisions properly applicable to the surrogate and to his court, the word "judge" is declared large enough to include a surrogate, it is significant that such officer is designated and denominated specifically as surrogate by the Constitution and by statute (Redfield on Law and Practice of Surrogates' Courts, § 4), and is thus described in the many statutes relating directly to him and to his court. This is a matter of some weight. See People ex rel. Lent v. Carr, 100 N. Y. at 241, 3 N. E. 82, 53 Am. Rep. 161.

The Legislature, in said section 26, did not merely prescribe that such compensation should be made to "each judge," but added, "including each justice of the Supreme Court." Although a "justice of the Supreme Court" is more naturally within the scope of the word "judge" than is a surrogate, yet the Legislature in said section 26 added to the word "judge" therein the words "including each justice of the Supreme Court." The generic meaning of the word "judge" was thus limited to the exclusion of any other judicial officer. If the Legislature had intended that the word "judge" should include the surrogate, a fortiori it naturally would have included that officer also. Further, if the word "judge" alone, as used in said section 26, is large enough to include the surrogate perforce of the various statutes of inclusion invoked by the relator, justices of the Supreme Court would certainly have been within the word "judge" perforce of those very statutes.

It cannot be said in answer that the surrogate of Queens county at the time of the enactment of the Judiciary Law had no duties whatever in connection with the drawing of jurors, in view of the provisions of sections 514 and 515 of said law. But the contention is that there is now in our legal procedure provision for the drawing of jurors for service in said Surrogate's Court, and therefore the surrogate is within the provisions of the said section 26 of the Judiciary Law. Such provision is found in sections 2538, 2539, and 2540 of the Code of Civil Procedure. The section last named, which relates to the drawing of the jurors, clothes the surrogate with the powers of a justice of the Supreme Court specified in sections 527 and 528 of the Judiciary Law and in sections 1171 and 1172 of the Code of Civil Procedure. The said provisions of the Judiciary Law refer to orders for the drawing of jurors, and the said provisions of the Code refer to talesmen. Although the said section 2540 specifically provides that the jury shall be drawn in the presence of the surrogate, etc., and although, as we have seen, the section does incorporate some provisions of the Judiciary Law, it is significant that it neither incorporates that section of the Judiciary Law which refers to compensation, nor makes any provision for compensation. Not only is this so, but the section itself provides as follows:

"The provisions of law applicable to the summoning of jurors, the return of the sheriff, the fees of the sheriff and jurors and their payment, in Supreme Court, shall apply where jurors are drawn and summoned for service in Surrogate's Court; and where the county clerk is not a salaried officer, he shall

be entitled for his services to such compensation as shall be audited by the board or body entitled to fix his compensation."

Thus it appears that the matter of compensation was dealt with with consideration of the surrogate. Additional services required of an officer in the discharge of his office do not afford to him the right of additional compensation and there arises no implication that there was legislative intent to requite for such services. Right to such additional compensation must appear in the plain expression of the statute.

The order must be reversed, without costs, and the motion denied, without costs.