ALBERT LAUTER, Landlord, *v.* BENJAMIN BURNBAUM, Tenant.

Municipal Court of the City of New York, Borough of The Bronx, January 17, 1946.

*Louis Susman* and *Oliver E. Davis* for landlord.

*Irvin E. Sprintzen* for tenant.

LORETO, J. In this summary proceeding the controversy involves principally a determination of what the monthly rental is for a certain store between May 1, 1945, and September 25, 1945. The landlord claims it is the sum of $325 per month, whereas the tenant contends that it is $115 per month. Other minor issues are raised by the answer which, in view of the disposition herein made of the principal point in dispute, need not be passed upon.

There is no serious dispute of any of the relevant facts. A lease was entered into between the parties for a term of five years commencing November 1, 1944, at a rental of $325 per month for the first three years, and at an increase in rental for the remaining two years. Prior to the tenancy under this lease, the store had been occupied by another tenant at **a**

monthly rental of $100. A summary proceeding which was brought in this court to recover the rent for the month of May, 1945, was dismissed by the Justice who tried the case, on the authority of *Twentieth Century Associates* v. *Waldman* (294 N. Y. 571), the said Justice stating, "Such dismissal is not an adjudication that the landlord is not entitled to any rent. This court is simply not empowered here to fix or find the same." Thereafter, and on September 25, 1945, the landlord made an application in the Supreme Court for an order fixing the reason-able rent of these premises pursuant to chapters 314 and 315 of the Laws of 1945, and on the 5th day of December, 1945, that court made its order fixing the reasonable rental of said premises as of September 25, 1945, at $325 per month. Mean-while, and for the months of May to October, 1945, inclusive, by agreement between the parties, the rent at the rate of $115 per month was paid, however, without prejudice to their rights.

The New York Business Rent Law covering business prop-erty went into effect on March 28, 1945. (L. 1945, ch. 314.) The following are the pertinent sections or parts of that law: "Section 1. * * * It is hereby found, therefore, as a matter of legislative determination, that for the duration of such emergency, the establishment of a maximum rent for office and retail store and other business space at a level of fifteen per centum above rents charged on June first, nineteen hundred forty-four or at a level otherwise determined as hereinafter provided, will curb the evils arising from such emergency and will accomplish the purposes hereof."

"§ 11. Rents are frozen and stabilized as of the effective date [March 28, 1945] hereof in the manner provided herein, and nothing contained in this act shall create any claim or cause of action in favor of a tenant against a landlord to recover moneys paid as rent for business space prior to the effective date of this act."

"§ 7. In any action to recover rent for business space accru-ing during the period of the emergency, it shall be a defense that such rent is unjust, unreasonable and oppressive if such rent is in excess of the emergency rent or any rent which may be fixed pursuant to section four of this act, and to the extent of such excess the same shall be uncollectible."

"§ 4. A rent, exceeding in amount the emergency rent, may within the limitations specified by this section, be fixed by arbitration or by the supreme court. The rent to be so fixed shall be a reasonable rent based on the fair rental value of the

tenant's business space as of the date the application to the supreme court or submission to arbitration is made."

It appears that on May 2, 1945, the landlord mailed a letter to the tenant stating that no emergency rent is due from him under his lease, and further stating that, in his opinion, the rental of $325 per month mentioned in the lease is just and reasonable. The landlord claims that since he was not apprised of the afore-mentioned decision of the Municipal Court as soon as it was rendered, admittedly through no fault of the tenant, he did not institute earlier than he did, the proceeding in the Supreme Court to fix the fair rental value of the premises in question. He further points out that in its opinion fixing the rental, the Supreme Court described the prior tenant as one who sold ice cream cones, bottles of soda, etc., using nonsubstantial, nonpermanent and readily removable fixtures. The foregoing are the factors which the landlord asserts require a holding that the rental for the period between May 1, 1945, and September 25, 1945, should be $325 per month.

No claim is made that the Supreme Court inadvertently failed to make its order retroactive. If such were the case, of course, his remedy would be in that court.

The court finds that the maximum emergency rent for the store space in question was at a level of 15% above the rent charged therefor on June 1, 1944, to wit, $115. The statute (§ 1) so fixes it as a matter of legislative determination, unless a higher rent is fixed as provided by that statute. The Legislature did not differentiate or make allowances because some tenancies existing as of the critical date, i.e., June 1, 1944, might be on a nonpermanent basis, with easily removable fixtures, and other tenancies then existing might be of a more permanent nature.

The statute provides the only manner in which a rental higher than the afore-mentioned maximum emergency rental can be obtained by the landlord during the emergency. It is only in one of two ways, either by arbitration or by an application to the Supreme Court (§ 4). The latter section provides that the higher rental so fixed shall be a reasonable rent based on the fair rental value of the tenant's business space as of the date the application to the Supreme Court or submission to arbitration is made. The landlord is presumed to know the law. He could have made his application to the Supreme Court the day immediately following the effective date of the statute. The letter mailed by him to tenant on May 2, 1945, was ineffective to grant him the right to assert a rental in excess of $115.

The Legislature did not intend to leave open to the court the fixing of a fair rental as of a date earlier than the application to the Supreme Court, however excusable may have been the failure of the landlord to have instituted its proceeding therefor earlier. If it so intended, it would have said so. The language of the statute is clear, plain and unambiguous, and no occasion or room for its construction exists. (*Town of Putnam Valley* v. *Slutzky,* 283 N. Y. 334, 343; *Settle* v. *Van Evrea,* 49 N. Y. 280, 281.) It is clearly beyond the power of this court to authorize a higher rental than the maximum emergency rental established " as a matter of legislative determination," (§ 1) or make retroactive a higher rental fixed pursuant to section 4.

The Supreme Court, on the landlord's application to fix the fair rental aforesaid, had before it all the facts and circumstances presented to this court and followed the mandate of the statute in fixing the fair rent as of the date the landlord made his application before it, and not as of an earlier date.

The court therefore finds that the rent due to the landlord from May 1, 1945, to September 25, 1945, is at the rate of $115 per month, and from September 25, 1945, to December 31, 1945, at the rate of $325 per month. Since the tenant's tender of rent intended to cover this period was made by check on December 14, 1945, it was not effective to stop interest prior to that date, nor was it valid to stop costs.

Enter final order and judgment accordingly, giving credit for the rent already paid during the period in question. Ten days' stay.