Reginald J. THOMAS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Appellee.

No. 34A04–0106–CR–230.

Court of Appeals of Indiana.

March 13, 2002.

1. The title that includes the Grandparent Visitation Statute does not define "grandparent."

John (Jack) F. Crawford, Crawford & DeVane, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Reginald Thomas ("Thomas") was charged and pled guilty to conspiracy to deliver cocaine in Cass Superior Court. He was also charged with dealing in cocaine,[1] as a Class B felony, in Howard Superior Court, and that same, alleged offense was also one of the overt acts charged in the conspiracy in Cass Superior Court. He filed a motion to dismiss the charge in Howard Superior Court, which was denied. He has filed this interlocutory appeal raising one issue: whether the trial court erred when it denied his motion to dismiss under the Indiana Double Jeopardy Clause, which protects against a second prosecution for the same offense.

We reverse.

---

1. Ind.Code § 35–48–4–1(a) (Supp.2001).

### Facts and Procedural History

On January 14, 1999, Thomas was charged with dealing in cocaine in Howard Superior Court. The charging information reads as follows:

> [O]n or about the 19th day of November, 1998, at the County of Howard and the state of Indiana, REGINALD J. THOMAS, did then and there unlawfully, knowingly, or intentionally *deliver cocaine, pure or adulterated* in an aggregate weight of less than three (3) grams to Confidential and Reliable Informant 5662, *at or near the Bob Evans Restaurant, located at 1850 U.S. 31 By Pass South, Kokomo, Howard County, Indiana.*

Appellant's App. p. 7 (emphases added).

Also in January 1999, Thomas was charged with conspiracy to deliver cocaine,[2] as a Class A felony, in Cass Superior Court. On March 2, 2000, an amended information was filed in Cass Superior Court and provided:

> [O]n or about November, 1998—February, 1999, Reginald J. Thomas conspired with Confidential Informant 4981 to deliver cocaine to Cass County, State of Indiana, to-wit: from Cass County, *Confidential Informant 4981 contacted Reginald J. Thomas in Indianapolis to arrange for Reginald J. Thomas to provide cocaine to Confidential Informant 4981, and thereafter (1) on November 19, 1998 both Confidential Informant 4981 and Reginald J. Thomas drove to Kokomo, Indiana to effect the transfer of cocaine from Reginald J. Thomas to Confidential Informant 4981;* (2) on December 1, 1998 both Confidential Informant 4981 and Reginald J. Thomas drove to Westfield, Indiana to effect the transfer of more than three (3) grams of cocaine from Reginald J. Thomas to Confidential Informant 4981; and (3) on February 12, 1999, both Confidential Informant 4981 and Reginald J. Thomas drove to Westfield, Indiana to effect the transfer of more than three (3) grams of cocaine from Reginald J. Thomas to Confidential Informant 4981 *and after each transfer of cocaine* Confidential Informant 4981 returned to Cass County, Indiana.

Appellant's App. p. 22 (emphases added). Confidential Informant 5662 noted in the Howard County charging information is the same person as Confidential Informant 4981 in the Cass County charging information. Appellant's App. p. 57.

On March 2, 2000, Thomas pled guilty to the charge of conspiracy to deliver cocaine, as a Class A felony, in Cass Superior Court. At the guilty plea hearing he admitted to the charges set forth in the charging information and specifically admitted that he did in fact transfer cocaine to the Confidential Informant in Howard County on November 19, 1998, in furtherance of the conspiracy. Appellant's App. pp. 36, 38. He was sentenced to serve twenty years with sixteen years suspended, four years executed, and placed on probation for sixteen years.

On November 13, 2000, Thomas filed a motion to dismiss the pending charge of dealing in cocaine in Howard County. In his motion, Thomas argued that prosecution of the Howard County charge was barred by Article I, Section 14 of the Indiana Constitution because Thomas was previously prosecuted, convicted, and sentenced in Cass Superior Court for the same acts specified in the charging information in Howard County. The motion was denied and Thomas then filed a request for certification of the trial court's order denying his motion to dismiss for

---

**2.** Ind.Code § 35–48–4–1(a) (1998); Ind.Code § 35–41–5–2 (1998).

interlocutory appeal. The trial court granted his request, and on June 11, 2001, our court accepted jurisdiction of this interlocutory appeal.

### Discussion and Decision

■ Thomas argues that the trial court erred when it denied his motion to dismiss because he has been convicted and punished in Cass County for conspiracy to deliver cocaine upon the same evidence used to charge him with dealing in cocaine in Howard County; therefore, prosecution of Thomas in Howard County for dealing in cocaine is barred by the Indiana Double Jeopardy Clause. Because the issue before us is a question of law, we review the matter de novo. *Wilcox v. State*, 748 N.E.2d 906, 909 (Ind.Ct.App.2001), *trans. denied.*

■ Article I, Section 14 of the Indiana Constitution provides "[n]o person shall be put in jeopardy twice for the same offense." The Double Jeopardy Clause protects against a second prosecution for the same offense after conviction. *Berry v. State*, 725 N.E.2d 939, 944 (Ind.Ct.App. 2000).

> Prohibitions against double jeopardy protect the integrity of jury acquittals and the finality interest of defendants, shield against excessive and oppressive prosecutions, and ensure that defendants will not undergo the anxiety and expense of repeated prosecution and the increased probability of conviction upon re-prosecution.

*Richardson v. State*, 717 N.E.2d 32, 37 (Ind.1999) (citing Robert Matz, Note, *Dual Sovereignty and the Double Jeopardy Clause: If at First You Don't Convict, Try, Try Again*, 24 Fordham Urb. L.J. 353, 356–57 (1997) (citations omitted)). In *Richardson*, our supreme court concluded that two convictions are the same offense in violation of the Indiana Double Jeopardy Clause if "with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Id.* at 49. These tests are referred to as the "statutory elements test" and the "actual evidence test." *Id.* at 50, 52.

■ Under the statutory elements test, "[e]ach offense must contain at least one element which is separate and distinct from the other offense so that the same evidence is not necessary to convict for both offenses." *Id.* at 52.[3] Under the actual evidence test, to show that the two challenged offenses constitute the same offense "a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Id.* at 53.

In cases decided after *Richardson* involving claims of a double jeopardy violation where the defendant was convicted of both conspiracy and the underlying crime, our courts appear to focus their inquiry under the "actual evidence" test on what evidence the jury was instructed to consider when determining the defendant's guilt on the charge of conspiracy. *See e.g.,*

---

**3.** Thomas concedes that under this test, conspiracy to deliver cocaine and dealing in cocaine are not the same offense for the purposes of double jeopardy, as each requires proof of facts which the other does not. Conspiracy to deliver cocaine requires an agreement by two or more people to deal in cocaine and an overt act in furtherance of the agreement, but does not require that any cocaine ever be possessed with the intent to deliver. *See* Ind.Code § 35–48–4–1(a) (1998) and Ind.Code § 35–41–5–2 (1998). However, a conviction for dealing in cocaine requires possession with the intent to deliver. *Id.*

*Long v. State,* 743 N.E.2d 253 (Ind.2001); *Lundberg v. State,* 728 N.E.2d 852 (Ind. 2000); *Chavez v. State,* 722 N.E.2d 885 (Ind.Ct.App.2000). For example, in *Lundberg,* the defendant was convicted of murder and conspiracy to commit murder. *Id.* at 852. Although evidence was presented of several overt acts, the jury was instructed that it could consider a single overt act—that the defendant shot the victim— in order to find the defendant guilty of conspiracy. *Id.* at 855. Our supreme court concluded that "[a]lthough the State presented evidence of other overt acts that might support a conviction of conspiracy, it is reasonably possible that the jury used the same evidence to establish the essential elements of both murder and conspiracy to commit murder[;]" therefore, the convictions for murder and conspiracy to commit murder violated the Indiana Double Jeopardy Clause. *Id.*

However, we cannot perform the *Lundberg* analysis here because Thomas was not tried for, but rather pled guilty to conspiracy; therefore, the only "actual evidence" is the factual basis established at the Cass County guilty plea hearing.[4] Thomas argues that the tests set forth in *Richardson* do not address the situation in the instant case, contending that *"Richardson v. State,* leaves us with the somewhat open question of what is the appropriate double jeopardy test under the Indiana Constitution to determine if a subsequent

prosecution is barred after a guilty plea to either the conspiracy charge or the underlying offense." Br. of Appellant at 10.

In his opinion concurring in the *Richardson* result, Justice Boehm argued that Article I, Section 14 should be invoked only as a bar to subsequent prosecutions, contending that "[m]ixing the multiple punishment and subsequent prosecution strands, as has occurred in federal double jeopardy law, results in an unsatisfactory compromise that breeds confusion and impairs the important values underlying the Double Jeopardy Clause." 717 N.E.2d at 57–58 (Boehm, J., concurring opinion). This is readily apparent in this case where the "actual evidence" test is nearly impossible to apply because one conviction is the result of a guilty plea and in the second prosecution, Thomas filed a motion to dismiss. No trial has been held and only the Cass County factual basis evidence has been presented. In his opinion in *Richardson,* Justice Boehm argued that in cases involving subsequent *prosecutions,* like the instant case, Indiana should follow the "same conduct" analysis applied in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).[5] Thomas urges us to apply that test in this case.

In *Grady,* the defendant drove his automobile across the median and struck two oncoming vehicles, and one of the individu-

---

4. We also note that a trial court may not accept a plea of guilty unless it determines that a sufficient factual basis exists to support the plea. Ind.Code § 35–35–1–3(b) (1998). A factual basis exists when there is evidence about the elements of the crime from which a trial court could reasonably conclude that the defendant is guilty, and relatively minimal evidence can be adequate. *Rhoades v. State,* 675 N.E.2d 698, 700 (Ind.1996). However, the factual basis of a guilty plea need not be established beyond a reasonable doubt. *Butler v. State,* 658 N.E.2d 72, 77 (Ind.1995).

5. In his opinion, Justice Boehm noted that *Grady* was overruled three years later by *U.S. v. Dixon,* 509 U.S. 688, 712, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), in favor of a return to the "same elements" test of *Blockburger v. U.S.,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). He stated, "[a]lthough Grady is no longer the law under the federal Double Jeopardy Clause, I generally agree with the view of Justices Souter, Stevens, White, and Blackmun, who defended Grady in Dixon." *Richardson,* 717 N.E.2d at 70 (Boehm, J., concurring opinion).

als injured in the accident died. *Id.* at 511, 110 S.Ct. 2084. As a result of the collision, the defendant received two traffic tickets and was charged with driving while intoxicated, a misdemeanor, and failing to keep to the right of the median. *Id.* at 512, 110 S.Ct. 2084. He pled guilty to those offenses, was ordered pay a $350 fine, and his license was revoked for six months. *Id.* at 513, 110 S.Ct. 2084. Two months later, the defendant was indicted and charged with reckless manslaughter, second-degree vehicular manslaughter, criminally negligent homicide, third-degree reckless assault, and driving while intoxicated. *Id.* at 513–14, 110 S.Ct. 2084. The defendant moved to dismiss the indictment on statutory and constitutional double jeopardy grounds. The trial court denied his motion and he appealed. *Id.* at 514, 110 S.Ct. 2084. The New York Court of Appeals held that the Double Jeopardy Clause barred subsequent prosecution of the defendant under the charges listed in the indictment. *Id.*

Affirming that decision, the United States Supreme Court determined that "a subsequent prosecution must do more than merely survive the *Blockburger* test" and held that

> the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an "actual evidence" or "same evidence" test. *The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct.*

*Id.* (emphasis added). The Court concluded that because the "State has admitted that it will prove the entirety of the conduct for which [the defendant] was convict-

ed—driving while intoxicated and failing to keep right of the median—to establish essential elements of the homicide and assault offenses[,]" the successive prosecution was barred by the Double Jeopardy Clause. *Id.* at 523, 110 S.Ct. 2084.

In *Richardson*, Justice Boehm contended that an application of the "same conduct" test to subsequent prosecutions is supported by some Indiana authority. *Richardson*, 717 N.E.2d at 69 (Boehm, J., concurring opinion) (citing *Durke v. State*, 204 Ind. 370, 183 N.E. 97 (1932); *Clem v. State*, 42 Ind. 420 (1873); *Wininger v. State*, 13 Ind. 540 (1859); *Thompson v. State*, 259 Ind. 587, 290 N.E.2d 724 (1972), *overruled by Elmore v. State*, 269 Ind. 532, 382 N.E.2d 893 (1978)). In *Durke*, our supreme court discussed the "identity of offense" test and found that it was used most often by Indiana courts in resolving claims of double jeopardy violations. The test was as follows: "[w]ould the same evidence be necessary to secure a conviction in the pending, as in the former prosecution." *Durke*, 204 Ind. at 377–78, 183 N.E. at 100. In *Thompson*, the court held that "before the court may enter judgment and impose sentence upon multiple counts, the facts giving rise to the various offenses must be independently supportable, separate, and distinct." 259 Ind. at 592, 290 N.E.2d at 727.

■ We agree with Justice Boehm's argument that the test to be applied in subsequent prosecutions must necessarily be distinct from the "actual evidence" test adopted in *Richardson* to multiple punishments, because in typical subsequent prosecution cases, like the one before us, it is likely that in the second prosecution the defendant will file a motion to dismiss on double jeopardy grounds, and therefore, there will be no "actual evidence" to com-

pare with the first conviction.[6]

In this case, Thomas pled guilty to and was convicted of conspiracy to deliver cocaine in Cass County. One of the overt acts alleged in furtherance of the conspiracy was that "on November 19, 1998 both Confidential Informant 4981 and Reginald J. Thomas drove to Kokomo, Indiana to effect the transfer of cocaine from Reginald J. Thomas to Confidential Informant 4981." Appellant's App. p. 22. At the guilty plea hearing, Thomas admitted that he agreed to provide cocaine to the confidential informant for the purposes of distributing it in Cass County and that he did, in fact, transfer cocaine to the confidential informant on November 19, 1998, in Kokomo, Indiana, in furtherance of the conspiracy. Appellant's App. p. 38. This is the same act that Thomas is charged with in Howard County.[7]

The State argues that the conspiracy charges only involve Thomas's conduct of agreeing with the confidential informant to deliver cocaine, but not actually delivering the cocaine, and that the charging information in the conspiracy case does not specifically allege that Thomas delivered cocaine to the confidential informant. Br. of Appellee at 8–9. However, the charging information clearly alleges that Thomas drove to Kokomo to "effect the transfer of cocaine" from Thomas to the confidential informant. Furthermore, the Cass County charging information states that *"after each transfer* of cocaine Confidential Informant 4981 returned to Cass County, Indiana." Appellant's App. p. 22 (emphasis added). Therefore, although the Cass County charging information does not expressly use the term "deliver," delivery of cocaine from Thomas to the Confidential Informant is at the core of the Cass County charging information.

Thomas has already been convicted and punished for his conduct in delivering cocaine to the confidential informant in Howard County; he pled guilty and was sentenced in Cass County for conspiracy to deliver cocaine based on the overt act of arranging to provide, driving to and effecting the transfer of cocaine at the Bob Evans Restaurant at 1850 U.S. 31 Bypass South in Kokomo. Therefore, further prosecution of this same conduct of dealing in cocaine in Howard County violates the Indiana Double Jeopardy Clause, and the

**6.** The State argues that "additional Indiana Constitutional protections against double jeopardy, which expand those protections contained in the federal constitution, should be limited to multiple *punishment* cases." Br. of Appellee at 4 (emphasis added). Thomas contends that no possible rationale exists for expanding a defendant's rights under Article I, Section 14 in cases of multiple prosecutions as our supreme court did in *Richardson* but at the same time restricting those rights to the federal *Blockburger* analysis in cases of subsequent prosecutions. Reply Br. of Appellant at 2. We agree. In *Richardson,* to determine the proper interpretation of the Indiana Double Jeopardy Clause, Justice Dickson analyzed cases involving "subsequent prosecutions because double jeopardy claims in multiple punishments cases did not emerge until after 1930, and because this Court has not distinguished between double jeopardy protections in multiple punishment cases and those in subsequent prosecution cases." *Richardson,* 717 N.E.2d at 43.

**7.** As noted above, the Howard County charging information alleges "on or about the 19th day of November, 1998, at the County of Howard and the state of Indiana, REGINALD J. THOMAS, did then and there unlawfully, knowingly, or intentionally deliver cocaine, pure or adulterated in an aggregate weight of less than three (3) grams to Confidential and Reliable Informant 5662, at or near the Bob Evans Restaurant, located at 1850 U.S. 31 By Pass South, Kokomo, Howard County, Indiana." Appellant's App. p. 7.

trial court erred when it denied Thomas's motion to dismiss.

Reversed.

BROOK, C.J., and RILEY, J., concur.

